## CURRIE *VS.* THOMAS.

1. Independent of statutory enactments, money cannot be lawfully paid to the clerk of court, in vacation ; or in any manner than as the officer of the court, in term time—

2. As, on plea pleaded, when the cause of action is admitted to a partial extent; in the case of tender; and when money is paid into court in satisfaction of a judgment.

3. But, in these cases, the money is presumed to be brought before the court, and placed in the custody of the clerk, as the fiduciary of the court.

4. The only case in which a clerk is authorised by statute, to receive moneys, is, in satisfaction of a recognizance, entered into by defendants, who have allowed judgment to pass against them at the first term on petition and summons—(Aik. Dig. 275.)

Error to the Circuit court of Barbour county.

Assumpsit on a promissory note, tried before *Picket*, J.

The defence, in this case, was, that a former action had been brought against defendant, by one Pugh, on the identical note, and that the defendant had paid the amount called for by the note, to the clerk of the court, whose receipt for the same was produced. Objections were made to the evidence, relied on to make out the defence, on the ground, that the clerk was not authorised to receive the payment —which were overruled by the court. Verdict and judgment for defendant.

The errors assigned were—

1. That the court erred in overruling the several objections to the admission of the testimony offered by defendant ;

2. In giving judgment for the defendant, upon the verdict, when no plea was filed.

*Porter*, for the plaintiff in error.

GOLDTHWAITE, J.—There are several stages in the proceedings of a case, in which the clerk of a court is by law authorised to be the holder of the moneys which may be paid into court. Thus, on plea pleaded, when the cause of action is admitted to a partial extent, and denied as to the residue. So in the case of a tender—So, also, when money is paid into court in satisfaction of a judgment. In all these cases, however, the money is presumed to be brought before the court, and as it can have no custody of money, it of necessity remains with the clerk, as the fiduciary of the court. But independent of statutory enactments, no case is remembered in which money can be lawfully paid to the clerk in vacation, or in any other manner than as the officer of the court in term time, and the receipt of which is always shewn by some record of the court, or some proceeding yet on paper, but progressing to a record. To permit this officer to receive demands which have not been reduced to judgment, would bring about consequences of a most mischievous tendency, unless received at a time when he is presumed to be under the immediate control of the court—that is in term time, and then only in those cases where the performance becomes a duty imposed by the peculiar organization of the court.

We will now ascertain how far such a duty is imposed on him by statute. The ninth section of the act

Currie *vs.* Thomas.

entitled " an act to regulate the proceedings in suits at common law," authorises the clerk to receive satisfaction of, and discharge the recognizance entered into by defendants who have allowed judgment to pass against them at the first term on petition and summons—(Aik. Dig. 275.)   And by the act of eighteen hundred and thirty-four, entitled " an act to provide a more summary mode of collecting money from clerks," it is made their duty to receive and account for all such sums of money as may be paid to them by either party, as well after as before the issuance of execution.

Before the enactment of this last statute, a summary remedy had been given against clerks as well as against sheriffs and coroners, for failing or refusing to pay over monies collected or received by them.   This act authorises a judgment against the securities as well as the officers, and hence we must conclude that it refers only to such monies as they are by law authorised to receive. Such has been the previous decision of this court in the cases of Barton vs. Lockhart, (2 Stew. & Por. 109,) and Bobo & Johnson vs. Thompson, (3 Stew. & Por. 385.)

It is not pretended that the money was received by the clerk in any one of the stages of the cause in which he was authorised to receive the money at common law; and the case is not covered by any of the existing enactments.   Indeed, the admission of the evidence as proof, to the extent for which the court admitted it, can alone be maintained on the hypothesis, that a plaintiff, when he commences a suit, confers a general authority on the clerk of the court to receive the demand he has sued for.

The payment having been made to the clerk, at a stage

of the suit when the law did not authorise him to receive it, was not such a payment as can in any manner affect, or prejudice the claim of the plaintiff.

Let the judgment be reversed and the cause remanded.