## DEAN AND JOHNSON v. THE GOVERNOR, &c.

1. No suit can be maintained against a sheriff on his official bond, for money received by him on an execution after the return day is past, though he would be individually liable for the money so received.
2. An assignment of a breach, which shows, that the money was received by the sheriff, at a time subsequent to the return term of the writ, as ascertained by law, is bad on demurrer.

Error to the Circuit Court of Conecuh. Before the Hon. E. Pickens.

THIS is an action of debt against the defendants, on a bond executed by Dean as principal, and Johnson as his security, conditioned that Dean should well and truly perform all the duties of sheriff of Conecuh county, and pay over all monies that might come into his hands, as such sheriff. The first assignment of the breach of the condition of the bond is, that Dean did not well and truly perform all the duties of sheriff of Conecuh county.

The second assignment is, that a *venditioni exponas* issued from the circuit court of Conecuh, in favor of the parties for whose use this suit is brought, against Thos. Salmond, which writ was dated the 12th of December, 1844, and was returnable to the spring term of said court, 1845, and by virtue of which writ, the said Dean did, on the 12th day of June, 1845, receive of the defendant, a large sum of money, to wit, the sum of $15,000, which he has failed to pay over to the plaintiff, although the same was, on the day last aforesaid demanded of him.

There was a demurrer to each assignment of breaches, but the demurrer was overruled.

A trial was then had, and a bill of exceptions was sealed by the judge, which shows, that an execution in favor of the parties for whose use this suit was brought, against T.

Salmond, was issued in April, 1844, returnable to the fall term of the circuit court, and the same came to the hands of, and was by Dean, as sheriff, levied on lands and other property of the defendant. The execution was then staid by the plaintiff, until the 3d of March, 1845; again stayed until the 15th May, 1845; and was again further stayed until the first Monday in June. On the 3d of February, the sheriff received $500 from the sale of property under said execution, and paid it over to the plaintiff, except $25 retained for cost and commissions, and on the 2d of June, 1845, he sold the land levied on, for $891. The slaves levied on, after the levy, were carried to South Carolina, to be sold, by agreement, and the proceeds to be applied to the payment of this and other debts. It was further in proof, that before the land was sold, the plaintiff and one Whitaker agreed, that the latter should buy the land at sheriff's sale, and that Whitaker should pay $4,000 on the debt, without regard to the amount he might bid at the sale. Accordingly he bought the land at the sale for $890. The sheriff did not know of this arrangement. It also appeared, that a *venditioni exponas* was issued on the 12th December, 1845, returnable to the spring term, 1845, of the circuit court, and was in the hands of the sheriff. That Whitaker has paid the $4,000 to the plaintiff in execution. That the defendant, Dean, retained out of the sum paid him on the sale, half commissions on the whole debt.

The defendants requested the court to charge the jury, that if they found that the money was paid to the sheriff after the return day of the writ, that the plaintiff could not recover in this form of action; which was refused. Also, that if the plaintiff received $4,000 in the manner stated, that the sheriff was entitled to commissions on that amount; which the court refused, and the plaintiff excepted.

The errors assigned are—That the court erred in overruling the demurrer to the breaches assigned.

2. That the court erred in not giving the charges as requested.

WATTS, for plaintiff in error.

DARGAN, J.—If it can be said, that there are two distinct assignments of breaches of the condition of the bond, it is very clear, that the first assignment is bad. It is merely, that the said Dean, as sheriff, did not well and truly perform all the duties of sheriff. This breach is entirely too general. Where a sheriff's bond is put in suit, for the use of any individual, he must show in the assignment of the breaches, some act of the sheriff, or some omission to do a duty, injurious to the party for whose use the suit is brought. But we are rather disposed to think, that the pleader intended one breach, and commenced the assignment with the general averment of a failure to perform all the duties of sheriff, and then proceeded to state the particular act which constituted the breach, and we will therefore treat the declaration as containing one assignment of breach of the condition.

It is alledged, that on the 12th December, 1844, a writ of *venditioni exponas* issued, in favor of the plaintiffs, for whose use this suit is brought, against Thomas Salmond, returnable to the spring term of the circuit court of Conecuh, and that on the 12th day of June, 1845, the defendant Dean, as sheriff, received by virtue of said writ, a large sum of money, to wit, $15,000, which he has failed, and refused to pay over, after demand made for the same of him by the plaintiffs.

We are bound to take notice of the time when the circuit courts sit, and consequently to know, that the spring term of the circuit court of Conecuh county, is held on the fourth Monday of March. The declaration therefore shows that the money was received by the sheriff after the return day of the process by which he was commanded to make it, and which gave him authority to receive it.

It is settled, that if money be paid to the sheriff, after the return day of the writ, that no suit can be sustained against his securities for his failure to pay it over, nor does such a payment amount to satisfaction of the judgment. 2 Stew. & Porter, 109; 3 Ib. 385; 1 Stew. 72; 4 Randolph, 336. Such payments, therefore, cannot be said to be made to him as sheriff, nor will the failure to pay over the money, constitute a breach of the condition of his bond. The facts, then, as alledged, not amounting to a breach of the condition of the bond, the demurrer should have been sustained.

The facts presented by the bill of exceptions, show that the money was received by the sheriff after the return day of the process, and consequently the court erred in refusing to give the charge first requested by the defendants, which was, that if the jury should find that the sheriff received the money after the return day of the process, that then they should find for the defendant.

Although it is very clear that the sheriff, as an individual, would be liable in an action for money had and received, if he received the amount of an execution after the return day thereof, yet as he had no right to receive it as sheriff, (and as such a payment will not operate as a satisfaction of the judgment,) he cannot be sued on his bond for a failure to pay it to the plaintiff, because it does not constitute a breach of the bond.

We do not think it necessary to advert to the question of the commissions that the sheriff was entitled to retain, under the circumstances, for the view we take of the law will be decisive of this cause, unless the plaintiff can show, that the process in the hands of the sheriff at the time of the payment, gave him the right as sheriff, to demand and receive payment. The judgment is therefore reversed, and the cause remanded.