## FITZPATRICK et al. v. THE BRANCH BANK AT MONTGOMERY.

1. When the judgment entry in a summary proceeding against a sheriff and his sureties, for not paying over money, collected by execution, shows, that the money was received by the sheriff, on a day subsequent to the re-

turn day of the execution, the judgment will be reversed; though it would have been sufficient, if the receipt of the money generally upon the execution, had been stated.

Error to the Circuit Court of Macon.    Before the Hon. G. W. Stone.

A judgment on motion, was rendered against Fitzpatrick, as sheriff of Macon, and his sureties, for failing to pay over $570, collected by Fitzpatrick, as sheriff, on an execution issued in favor of the defendant in error against George Stone and others.    The judgment entry recites, that an execution issued in favor of defendant in error, against Stone and others, for $907 14, returnable to the circuit court of Macon, to be held on the third Monday of May thereafter, which was placed in the hands of Fitzpatrick, as sheriff, on the 28th February, 1842; and that said Fitzpatrick received on said execution $150, on the 18th of April, 1842, and on the 17th of May, 1842, the sum of $420; and it appearing, that said Fitzpatrick failed to pay over said money on demand.    Judgment was rendered against him and his securities for the amount collected by the sheriff, with interest thereon.

Error is now assigned upon this judgment.

Cocke, for plaintiff in error.

1. The record shows, that judgment was rendered against the sheriff and securities for $420 and interest, collected on the 17th May, 1842.    The court sat on the 16th May, 1842, so that the money was collected after the return day of the execution.    See Almanac for 1842.

2. Interest was calculated and included in the judgment, which is unauthorized by the statute under which the proceeding was instituted.

McLester and McIvor, for defendant in error.

1. If it is true as stated in the second assignment of error, that 17th day of May, 1842, was the fourth day after the return day of the execution, there is a palpable contradiction

in the judgment entry, which says, " that while said execution was in the hands of said sheriff, and before the return term thereof, to wit: on the 18th day of April, 1842, received $150, and on the 17th of May, 1842, $420 were received by said sheriff, which fact appears by the indorsement on the said execution." Now if said $420 was in fact received before the return term of the *fi. fa.* it could not have been received on the 17th May. The return term of an execution is the day on which it is by law returnable, and the sheriff had the right, at any day anterior to the return day, to receive the money.

What then will the court intend is true. That the money was received on the 17th of May, after the return day of the *fi. fa.* or that it was in fact paid "before the return term thereof?" It seems to be clear, the court must presume that the sheriff did his duty, and not that he violated it by failing to return the *fi. fa.* or by collecting money without authority, or by making an indorsement on the *fi. fa.* after it was returned.

DARGAN, J.—In proceedings to recover judgment against a sheriff and his securities, in a summary manner by motion, the judgment entry must show every fact necessary to sustain the jurisdiction of the court, and the liability of the defendants. Clemens and Hall et al. v. The Branch Bank at Montgomery, 1 Ala. 50; Curry v. The Bank of Mobile, 8 Por. 360. In this case, the judgment entry recites, that the sheriff received $420 on the execution, on the 17th May, 1842, which was after the return day thereof, and this sum is a portion of the judgment recovered. It has been settled by the decisions of this court, that a payment to a sheriff after the return day of the execution, is not a satisfaction of the judgment; and a motion cannot be sustained against a sheriff and his sureties, for failing to pay over the same to the plaintiff. Barton v. Lockhart, 2 S. & P. Rep. 109; 3 Ib. 385. If the record had only shown the collection of the money by the sheriff, the presumption of law would have been, that it was collected at a time when the sheriff had a legal right by virtue of the execution to receive it. But inasmuch as the day when it was received by the sheriff, is alledged

in the judgment entry, we cannot infer that it was received on a different day; for there is no fact stated in the record, that conflicts with the *statement*, that the sum of $420 was received on the 17th May, 1842, and we are bound to know, that the execution described in the record was returnable before that day.

Let the judgment be reversed, and the cause remanded.

CHILTON, J., not sitting.