## GOVERNOR, use, &c., vs. PERRINE et al.

1. When a sheriff has taken property under attachment, which he afterwards sells, by agreement between the plaintiff and defendant in attachment, without an order of court, his sureties are not liable on their bond for his failure to pay over the money.

Appeal from the City Court of Mobile.

Tried before the Hon. Alex. McKinstry.

This was a summary proceeding under the statute, in the name of the Governor, for the use of Chamberlain & Co., against the sureties of George Huggins, late sheriff of Mobile, on the following facts, constituting an agreed case :

" Whereas, under and by virtue of an attachment in favor of Chamberlain & Co. v. James J. Dyer, the sheriff, Huggins, who departed this life before the commencement of this action, seized and took into his possession on the 20th day of October, 1848, the day on which he received the attachment, goods and effects of said Dyer more than sufficient to satisfy the debt and costs; that on the same day an agreement was made in writing between the attaching plaintiffs and the agent of the defendant, Dyer, by which the sheriff, Huggins, was authorized to sell and dispose of the said goods and effects, waiving any order of court or advertisement, and they were accordingly sold by the said Huggins at public sale on the 27th of October, 1848, for more

Governor, use &c., v. Perrine et al.

than enough to satisfy this debt and costs, for which plaintiffs afterwards obtained judgment; and said Huggins delivered the goods to the purchasers, and received the money therefor, which he never paid over, either to the clerk of the court or to the plaintiffs, though often requested so to do, in his life-time. Now, if by reason of the parties having entered into the said consent, to sell said goods and effects without the order of court or an advertisement, the sureties are not liable, judgment is to be rendered for the defendants; otherwise, for the plaintiffs."

On these facts the court below gave judgment for the defendants, and the plaintiffs appealed; and they now assign for error the judgment of the court.

C. W. RAPIER, for appellants.

JOHN T. TAYLOR, *contra.*

GIBBONS, J.—We concur in the conclusions of the court below upon the statement of facts presented in the agreed case. The sale of the goods having taken place without any order of court, or authority to the sheriff to make the sale, but being made by the consent of the parties in the attachment suit, it could not be said to be an official act of the sheriff, but rather that of a private individual as the agent of the parties to the suit. The securities of the sheriff are only liable for his defaults while acting in his official capacity; and that has been defined to be, action in obedience to legal process in his hands. Dean *et al.* v. Governor, 13 Ala. 526, and authorities there cited. If the sheriff, in the present case, had destroyed or converted the goods levied upon and seized under the attachment, the sureties would undoubtedly have been barred; but when by the act of the parties to the suit merely the goods are sold, without any order of court or legal authority to sell, so that the sale does not become official in its character, the sheriff becomes the mere bailee of the money, and does not hold it as he does money collected under judicial process. The scope of the contract of the sureties of a sheriff is, that they will become liable for his defaults in regard to moneys which he receives in his official character as sheriff, acting strictly in accordance with, and in obedience to the law. The contract does not extend to moneys which he holds as a bailee, or mere stake-holder. We do not regard the present case as differing in principle from what it

would have been if the parties to the attachment had by consent themselves sold the property levied on, and deposited the money with the sheriff to abide the event of the suit. In that case, he would be a mere stake-holder, and his defaults in respect to it could involve no one but himself in the liability incurred.

Let the judgment of the court below be affirmed.