## GOVERNOR *vs.* READ. .

[SCIRE FACIAS TO REVIVE JUDGMENT.]

1. *Payment to clerk of court.*—A clerk has no authority, before judgment, to receive payment of the plaintiff's debt; yet, if he receives the money from the defendant before judgment, retains it in his hands until after judgment, and then manifests, by some plain and unequivocal act, his intention to hold it in his official capacity as clerk, the payment is good, and the judgment thereby discharged.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THE appellant in this case recovered a judgment against

Hiram Read, the appellee, at the September term, 1853, of said circuit court; and on the 10th September, 1859, no execution having been issued on it, sued out a *scire facias* to revive said judgment. The defendant pleaded payment, and issue was joined on that plea. On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the record of the judgment sought to be revived. The day on which the judgment was rendered was not shown by the record; but the plaintiff adduced other evidence tending to show that it was not rendered on Monday, the first day of the term, which was the 26th September, 1853. To support his plea of payment, the defendant offered to read in evidence an endorsement on the original summons and complaint, signed "Thomas H. Burch, clerk," in these words: "Received, September 26, 1853, of Hiram Read, three hundred and forty-five 21-100 dollars, in full of the principal, interest, and costs in this case"; and an entry on the judge's docket at the September term, 1853, opposite the case, and immediately under the judge's entry of judgment, of the word "settled," written in pencil marks. This endorsement and entry were offered in connection with proof that they were both in the hand-writing of Thomas H. Burch; that he was at that time the clerk of said circuit court, and that he had since died. The plaintiff objected to the admission of the receipt and entry as evidence, and reserved an exception to the overruling of his objection. The plaintiff also proved an admission on the part of the defendant "that the payment to Burch was made on Monday, the 26th September, 1853, before the session of the court on that day."

"The above being all the evidence in the case, the court charged the jury, that if the defendant paid to Burch, who was at that time clerk, a sufficient amount of money to satisfy the plaintiff's judgment and costs, on the morning before the circuit court commenced, this, of itself, would not be such a payment as would relieve him, since the clerk had no right, before judgment, to receive money and receipt for it; but, if he had the money, and wrote the word 'set-

*tled'* after judgment was rendered against the defendant, and intended thereby to signify an appropriation of the money to the payment of the judgment against the defendant, (and, to gather his intention in writing the word '*settled*' under the judge's entry, they might look at all the facts and circumstances in proof,) they must find for the defendant.

"The plaintiff excepted to this charge, and then asked the court to instruct the jury, that if they believed the defendant paid the amount of money due to the plaintiff in this case, to the clerk of the court, on the 26th September, 1853, before judgment was granted in the case ; and that a judgment was afterwards granted in favor of the plaintiff, and against the said defendant, for three hundred and thirty-eight dollars ; and that the clerk afterwards endorsed on the judge's docket, in pencil, beneath the judge's entry, the word '*settled*,'—this is not sufficient, without proof when that word was written, to bar the plaintiff's right to revive the judgment. The court refused to give this charge, and the plaintiff excepted to its refusal."

The admission of the evidence objected to, the charge given, and the refusal of the charge asked, are now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellant.
GOLDTHWAITE, RICE & SEMPLE, contra.

A. J. WALKER, C. J.—The clerk, as an officer, had no authority to accept payment of the plaintiff's debt, until judgment was rendered ; and a payment to him, before judgment, would, therefore, not discharge the debt, or constitute any barrier to the revival of the judgment.—Code, § 651 ; *Currie v. Thomas*, 8 Porter, 293 ; *Murray v. Charles*, 5 Ala. 678 ; *Dean v. Governor*, 13 Ala. 526 ; *Fitzpatrick v. Br. Bank at Montgomery*, 14 Ala. 533 ; *Snedicor v. Davis*, 17 Ala. 472.

The court, in its charge, recognized the principle above stated, but announced that, if the clerk, having received

the money before the judgment, afterwards, still having it, wrote upon the docket, in pencil mark, beneath the judge's entry in the case, the word "*settled*," intending thereby to signify 'an appropriation of the money to the payment of the judgment, the judgment was discharged. This, at least, is the substance of the instruction, when construed in reference to the testimony.

After the judgment was rendered, the clerk occupied the double capacity of an agent authorized to pay oft the judgment, and having the money for that purpose in his possession, and also of an officer authorized by law to receive it. The cases of persons filling the double capacity of executor and trustee authorized to receive from the executor, or of administrator and guardian of the distributee, afford, perhaps, as close an analogy as can be found in the law to the question in hand. In those cases it is held, that the executor or administrator remains chargeable, until he has made it appear, " by some plain and unequivocal act," that he has elected to hold the fund in his capacity of trustee or guardian.—*Perkins v. Moore*, 16 Ala. 9 ; *Davis v. Davis*, 10 Ala. 299 ; *Newcomb v. Williams*, 9 Metc. 525. The clerk, as an individual, having the money with which to discharge the judgment, and being as an officer authorized to receive it, might pay the money to himself in his official capacity, as he might receive it in that capacity from a third person ; and this, upon the principle of the authorities above cited, would be done when, having the money, he manifested by some plain and unequivocal act an intention to hold it in his official capacity.

Such a plain and unequivocal act was done, when the clerk wrote the word *settled* upon the docket, in the manner above stated, with the intention to signify an appropriation of the money in his hands to the satisfaction of the judgment. The word " *settled*," written upon the docket by the clerk, imports that the judgment was discharged in some manner. It is in itself equivocal, in this, that it carries with it no evidence of the manner in which

the settlement was made ; but, when coupled with the additional fact, that money had previously been placed in the hands of the clerk for the purpose of discharging the judgment, and that the entry of settlement was made in reference to that fact, it becomes plain and unequivocal. It is a clear demonstration of the clerk's election to treat the judgment as discharged in consequence of the previous reception by him, and of his intention to hold the money as clerk. The charge is consistent with this conclusion, for it makes the discharge of the judgment dependent upon the fact, that the clerk's entry was made with the intent to signify an appropriation of the money previously received to the payment of the judgment.

The charge which was requested and refused, is the converse of the charge that we have decided was properly given, except that it gives prominence to the point, that the defense was not sustained unless it was shown when the entry of "settled" was made. The point made is not that it was incumbent upon the defendant to show that the entry was made after the judgment was entered, but the particular time at which it was made. So far as the question of the discharge of the judgment was concerned, it was not material to show the precise time. It was sufficient to show that the time was after the judgment was rendered ; for, at any time after that event, the clerk had the requisite authority.

The evidence objected to tended clearly to show the facts which we have decided constituted a good defense ; and, there was, therefore, no error in admitting it.

Affirmed.