# Williams *v.* Brassell.

*Action on the Case by Reversioner of Personal Property.*

*When action lies by reversioner, for injury to personal property.*—A sale of the entire interest in a personal chattel in which there is a reversion, whether by the tenant of the particular estate or by a stranger, is an injury to the reversion, for which the reversioner may maintain a special action on the case; and although he afterwards regains the possession, before the termination of the particular estate, or himself becomes the purchaser at the sale, neither of these facts is, of itself, a bar to the action.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Albert B. Brassell, against Robert S. Williams, and was commenced on the 16th November, 1871. The complaint was in these words: " The plaintiff claims of the defendant three thousand dollars, as damages; for that whereas the said plaintiff, before and at the time of the committing of the grievance hereinafter next mentioned, was the owner and proprietor of certain chattels, to wit," three mules, " which were of great value, to wit, of the value of one thousand dollars, and which had been and were before then let to hire to one James G. Freeny, for a certain term then to come and unexpired, and the same were then in the possession of the said Freeny, under and by virtue of the said letting; yet the said defendant, well knowing the premises, but contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff, in his reversionary interest and

[Williams v. Brassell.]

property in the said chattels, and to deprive him of the benefit and advantage thereof, whilst the said plaintiff was the owner and proprietor of the said chattels, and whilst the same were so let to, and in the possession of the said Freeny as aforesaid, to wit, on the 15th day of August, 1871, wrongfully and unjustly seized and took the said chattels from and out of the possession of the said Freeny, and converted and absolutely sold and disposed of the same to his own use; and thereby the said plaintiff hath been, and is, greatly injured, prejudiced, and aggrieved in his reversionary interest and estate of and in the said chattels."

The defendant pleaded not guilty, and also two special pleas, which were as follows : " 2. For further answer to the complaint, defendant says that, after the seizure of the said mules as therein alleged, and before the commencement of this suit, and before the termination of the possessory interest of the said Freeny, under the hiring therein stated, plaintiff became again possessed of the said mules, and ever since has remained in the possession thereof, undisturbed by this defendant ; and this he is ready to verify.   3. For further answer," &c., " defendant says, that said plaintiff, well knowing all the facts averred in said complaint, bid for said mules, and became the purchaser thereof, at the sale made by defendant as alleged in said complaint, and paid the purchase-money, and accepted the delivery of said mules ; and this he is ready to verify." The court sustained a demurrer to each of these pleas, and its judgment on the demurrers is now assigned as error.

FITZPATRICK & WILLIAMSON, for appellant.

ARRINGTON & GRAHAM, contra.

BRICKELL, J. — This action is in the nature of a special action on the case at common law, by a reversioner of personal property, for an injury to the reversion, pending the continuance of the particular or preceding estate.   The right to maintain such action is well settled, on principle and authority ; the test of its propriety being, whether the injury complained of is permanent, affecting the reversion; or temporary only, affecting the tenant of the particular estate.   A sale of the absolute interest, by the tenant of the particular estate, or by a stranger, instead of the qualified interest, is an injury affecting the reversion, for which the reversioner may maintain this action.   Arthur v. Gayle, 38 Ala. 259.

To the action, two special pleas were interposed, which were demurred to ; the demurrers were sustained, and the judgment thereon is the matter now assigned as error.   The first of these

pleas avers that, after the seizure of the personal property, in which the reversion is claimed, and during the continuance of the preceding estate, the plaintiff became possessed of the property, and has remained in possession, undisturbed by the defendant. On demurrer, all pleading is construed most strongly against the pleader, for the presumption is, he states the facts most favorably to himself. In all actions for the wrongful taking or conversion of personal property, it is matter in mitigation of damages, that the plaintiff, subsequent to the taking or conversion, regained possession of the property, or that it was restored to him by the defendant. In such case, the plaintiff is still entitled to recover, whatever he may have been compelled to expend in regaining possession, or whatever damage the temporary taking or conversion may have caused him. *Ewing* v. *Blount*, 20 Ala. 694 ; *McGurry* v. *Dyer*, 47 Penn. 118 ; *Ford* v. *Williams*, 24 N. Y. 359. The averments of the plea are, that the plaintiff became possessed of the property, during the continuance of the temporary interest. The plea does not aver that the defendant had any agency in the plaintiff's obtaining possession, nor that there was not an injury to the plaintiff's right of reversion by the wrongful taking ; nor that the property was in as good condition when plaintiff regained possession, as when it was wrongfully taken by the defendant ; nor that the plaintiff was not put to expense in regaining possession. The plaintiff, in no event, could have recovered for the use of the property during the continuance of the preceding estate ; nor is there in his complaint any claim of recovery therefor. His right of recovery is limited to the injury to the reversion. That the property passed into his possession during the continuance of the preceding estate, is not material. The plea should have averred, in addition to the fact that the plaintiff became possessed of the property, that his reversionary interest was uninjured by the wrongful taking or conversion, and that he regained possession without expense or loss. It is presumed from the absence of such averments, that they could not be made consistently with the truth. The want of them rendered the plea demurrable.

The remaining special plea avers, that the plaintiff, at the sale of the property by the defendant, purchased it, and accepted possession thereof from the defendant. The matter of this plea certainly forms no defence to this action. The plaintiff may have preferred purchasing the property, rather than permit it to pass into the possession of a stranger, asserting an adverse right to him. Such purchase does not legalize or ratify the wrongful act of defendant in making sale of the property. It may diminish the plaintiff's right of recovery, to the amount he paid on such unauthorized sale ; but it does not absolve the

[Andrews *v.* Melton.]

defendant from all liability. If it did, he would be permitted to found a defence on his own wrong. The taking and sale of the absolute property is the wrong of which the plaintiff complains. The wrong continues, though the plaintiff became the purchaser of the property, and paid the defendant money which he has no right to retain. *Murray* v. *Burling*, 10 Johns. 180; *Ford* v. *Williams*, 24 N. Y. 359.

The circuit court correctly sustained the demurrers to the pleas, and the judgment is affirmed.