THE HAWKEYE INSURANCE COMPANY v. LUCKOW *et al.*

Execution: TO OTHER COUNTY: PAYMENT TO CLERK: RETURN OF SHERIFF. Upon a judgment rendered in Polk county an execution was issued to Sac county, and a certified transcript of the judgment was filed in Sac county. The debtor paid the amount of the judgment to the clerk of Sac county, and the sheriff of Sac county, informed of such payment, returned the execution thus : "The within execution satisfied in full. Paid to the clerk of the courts of Sac county, Iowa, by said defendant." *Held* that this constituted no payment and satisfaction of the judgment, because the clerk of Sac county was not authorized to receive payment of the judgment. ( See Code, sec. 3031 ).

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FILED, OCTOBER 24, 1888.

THE defendants are the officers of a school district in Sac county, and this is an action of *mandamus* to compel them to levy and collect a tax to pay and satisfy a judgment recovered by the plaintiff against the school district. The defendants pleaded payment. Trial to the court and judgment for the defendants, and the plaintiff appeals.

*George R. Sanderson,* for appellant.

*Lehman & Park,* for appellees.

SEEVERS, C. J.—This case was submitted upon an agreed statement of facts, the material portion of which is as follows : The plaintiff recovered a judgment against the school district in 1876, in the district court of Polk county. An execution was issued on said judgment in July, 1877, directed to the sheriff of Sac county, and the same was received by him. On the nineteenth day of July, 1877, a certified transcript of such judgment was filed in the office of the clerk of the district court of Sac county. About the first day of August, 1877, the full

amount of said judgment was paid to the clerk of the district court of Sac county. The sheriff was informed of such payment, and thereupon made the following return on the execution : " State of Iowa, Sac County —ss.:. The within execution satisfied in full. Paid to the clerk of the courts of Sac county, Iowa, by said defendant."

We do not understand counsel for the appellee to claim that the payment of the money to the clerk is in and of itself a payment to any person authorized to receive it, but the contention of counsel is that the sheriff was the plaintiff's agent, or acting for it ; and that the assent of the sheriff to such payment, and his return of the execution, constitutes a satisfaction of the judgment. In this proposition we do not concur. The authority of the sheriff is not by any means unlimited. It is true he could receive payment of the amount due on the execution, and, upon such payment being made, the judgment would be satisfied. In this case the sheriff received nothing. The amount due on execution was not paid to him, but to another person. He had no authority to accept such a payment, nor could he adopt it. Or, if he could, the plaintiff was not bound by such adoption. Unless the amount due on the execution was paid to him, the sheriff had authority, and it was his duty, to levy on property. He might no doubt have levied on this money, or have garnished the clerk, but he did neither. He simply was informed that the money had been paid to the clerk, and, without more, made the return he did. He was not the agent of the plaintiff for any such purpose. In view of the fact that counsel do not seem to rely on the payment made to the clerk, we deem it sufficient to say that his power in relation to transcripts of judgments rendered in other counties, and filed in his office, are such as are prescribed in section 3031 of the Code ; and that he is not authorized to receive payment of, and thus satisfy, the judgment he is authorized to enter on his own judgment docket.

REVERSED.