# May *v.* O'Neal.

### *Action on the Case.*

1. *Action on the case; sufficiency of complaint.*—In an action on the case to recover damages for wrongfully selling and disposing of property which had been rented from the plaintiff, without

[May v. O'Neal.]

regard to plaintiff's rights thereto, a complaint which does not aver that defendant had notice of plaintiff's ownership of the property, is defective and subject to demurrer.

2. *Same; when can be maintained; case at bar.*—In an action on the case to recover damages for the wrongful selling and dis-posing of a mare belonging to the plaintiff, where it is shown that the plaintiff rented the mare to a certain named person for a year, and before the termination of said rental contract said person sold and exchanged her to the defendant, and he in turn exchanged or otherwise disposed of her, thereby attempting to convey an absolute title to the person to whom the mare was finally delivered, with the knowledge that she was the property of the plaintiff, the plaintiff is entitled to recover of the defendant such damages as he may have sus-tained by reason of such wrong; and in order to maintain such suit, it is not necessary that the plaintiff should have made a demand upon the defendant for the return of the mare after the termination of the rental contract.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellant against the appellee. The complaint as originally filed con-tained two counts. The second count was stricken on motion of the plaintiff. After demurrers to the first count of the original complaint were sustained, the com-plaint was amended so as to contain three counts, as fol-lows: 1. "Plaintiff claims of the defendant the sum of seventy-five dollars damages for that on or about the first day of January, 1898, plaintiff was possessed of and the owner of one dark bay mare, which he rented, hired or let to Warren May, Sr., for and during the year 1898; that afterwards, to-wit, on or about the first day of May, 1898, Warren May, Sr., without authority of plaintiff, sold, swapped or traded said horse to defend-ant, who afterwards, in defiance and disregard of plain-tiff's right, title and interest in and to said horse, prior to the termination of said lease interest, wrongfully sold or otherwise disposed of and removed the same beyond the dominion and control of plaintiff, thereby destroying plaintiff's rights to the use and enjoyment thereof of his reversionary interest in said horse to his great injury as aforesaid, and that after the expiration of said lease

he demanded said property of defendant and was refused before bringing this suit."

3. "Plaintiff claims of defendant seventy-five dollars damages for that on or about the first day of January, 1898, plaintiff owned one dark bay mare which he rented to Warren May, Sr., for the year 1898, and delivered the same to said Waarren May, Sr., to be held by him during said year under said contract of renting; that on or about May 1st, 1898, said lessee sold or traded the entire property rights in and to said mare to the defendant without the authority of plaintiff, the said defendant having notice at the time of said purchase or trade of plaintiff's property rights in said mare. The defendant, regardless of plaintiff's said property rights in and to said mare, wrongfully sold the same; that after the expiration of the lease term of said horse as aforesaid and before the bringing of this suit, plaintiff demanded said horse of defendant and said demand was by defendant wrongfully refused, and plaintiff avers that at the time said demand was made on defendant for said mare, he (defendant) had wrongfully sold, removed or disposed of said mare, whereby plaintiff's rights in and to the same were placed beyond his dominion and control, to his (plaintiff's) great damage and injury as aforesaid. Wherefore he sues."

4. "Plaintiff claims of defendant seventy-five dollars for that plaintiff was at the beginning of the year 1898 the possessor and owner of one dark bay mare which he rented for and during said year of 1898 to one Warren May, Sr.; that during said year, to-wit, about the 1st day of May thereof, the said defendant obtained from the said Warren May, Sr., the latter's property rights and possessory interest in and to said mare for and during said year; that the said defendant being so in possession of said mare with the right to possess and use the same during the said year of 1898 only, in defiance of plaintiff's property rights in and to said mare, with full knowledge of the existence thereof, defendant wrongfully removed, sold or otherwise disposed of said mare, placing plaintiff's rights and interest in and to the same beyond his, plaintiff's, reach and control, whereby plaintiff

sustained great damage and injury as aforesaid. And plaintiff avers that after the expiration of said lease-term of said mare and before the bringing of this suit, he demanded of defendant the return to him of his said mare, and the value of his, plaintiff's interest therein and the defendant failed and refused to return the mare, and to pay him the value of his interest therein."

To each of the counts of the amended complaint the defendant demurred upon the following grounds: "1st. Said count shows on its face that at the time plaintiff demanded of defendant the mare, defendant had already disposed of her. 2d. Said count fails to allege that said defendant had the mare in his possession when plaintiff demanded of him the mare, or that he exercised any control or dominion over the mare after said demand was made inconsistent with the plaintiff's rights. 3d. Said count fails to allege that defendant exercised any control or dominion over or did anything with reference to said mare after the expiration of the rental term mentioned in the complaint. 4th. Said count fails to allege any facts showing that plaintiff, after the termination of the rental contract therein referred to, demanded of defendant said mare, and that he failed or refused to give her up or that he exercised any control or dominion over said mare. 5th. Said count fails to allege any facts which show that defendant in any way put the said mare beyond the reach, control or dominion of plaintiff for the purpose of defeating plaintiff's rights." These demurrers were sustained and the plaintiff declining to plead further, judgment was rendered for the defendant. From this judgment the plaintiff appeals and assigns as error the rulings of the trial court in sustaining the demurrers to the counts of the amended complaint.

J. B. BELL, for appellant.—The complainant could maintain his action. The complaint was sufficient. In an action on the case the complaint counts on the wrongful act of the defendant whereby *injury* results to the plaintiff, his property or property rights, without regard to the *intent or purpose* of the perpetrator. This

[May v. O'Neal.]

principle was directly declared in the parallel cases of *William v. Brassell,* 51 Ala. 397 ; *Arthur v. Gayle,* 38 Ala. 259.

ESPY, FARMER & ESPY, *contra.*

TYSON, J.—Amended counts 1, 3 and 4 are in case. Count No. 1 is defective in not averring that the defendant had notice of plaintiff's ownership of the mare. The other two sufficiently aver this fact and were not subject to the demurrer interposed to them.

If it be true as averred in each of them, that the plaintiff rented the mare to Warren May, Sr., for the year 1898, and he, before the termination of his rental contract, sold or exchanged her to the defendant, and he in turn sold or otherwise disposed of her, attempting to convey an absolute title to the person to whom he delivered her, with a knowledge that the mare was the property of the plaintiff, then the plaintiff is entitled to recover of him such damages as he may have sustained by reason of such wrong.—*Arthur v. Gayle,* 38 Ala. 256 ; *Williams v. Brassell,* 51 Ala. 397.

No demand upon the defendant by the plaintiff for a return of the mare after the termination of the rental contract was necessary. Indeed, the plaintiff might have brought his action (*in case*) immediately upon the sale of her by the defendant. The averment in these counts as to demand may be treated as surplusage.

Reversed and remanded.