(103 N. W. 753.)

---

MILBURN-STODDARD COMPANY v. C. J. STICKNEY.

Opinion filed May 23, 1905.

**Clerk of District Court Can Satisfy Judgment Only as Authorized by Statute.**

1. A clerk of the district court has no authority to satisfy a judgment upon a deposit with him of the full amount of the judgment. He has authority to satisfy judgments only in the cases where the statute gives him authority so to do.

**Receipt of Money by Clerk, Except as Provided by Law, Not an Official Act.**

2. The receipt of money by a clerk of the district court for the satisfaction of a judgment, except as provided by law, is not an official act of the clerk.

**Amercement.**

3. A clerk of the district court cannot be amerced under sections 5555 and 5556, Rev. Codes 1899, for failure to pay over money paid him for the satisfaction of a judgment on file in his office except in cases where such money is paid him under the terms of a statute.

**Appeal — Affirmance.**

    4. Failure to comply with rules of court in reference to appeals under section 5630, Rev. Codes 1899, is not ground for affirming the judgment or dismissing the appeal in case of an appeal from a judgment rendered pursuant to section 5555, Rev. Codes 1899.

Appeal from District Court, Eddy county; *Glaspell,* J.

Action by the Milburn-Stoddard Company against C. J. Stickney. Judgment for plaintiff, and defendant appeals

Reversed.

*S. E. Ellsworth* and *P. M. Mattson,* for appellant.

Clerk can satisfy a judgment only as provided by section 5497, subdivisions 1 and 2, Rev. Codes 1899, and chapter 112, Laws of 1901. Payment of a judgment must be made to the judgment creditor, his agent or attorney. Freeman on Judgments (3d Ed.) section 462.

It is not the clerk's duty to receive money in payment of judgments. If he does, his bondsmen are not liable if he appropriates it. He is not the agent of litigants, and his duties are fixed by law. Matusevitz v. Hughes, 68 Pac. 467; Hendry v. Benlisa, 20 So. 800, 34 L. R. A. 283; Hawkeye Ins. Co. v. Luckow, 39 N. W. 923.

A public officer can be amerced under the statute only in case of an intentional delinquency. If there is a well grounded doubt of his liability, or whether the money received has been lost without his fault or negligence, he is entitled to have such questions tried in a civil action. Wilson v. Broder, 10 Cal. 487; Hull v. Chapel, 74 N. W. 156, 77 Am. St. Rep. 666; In re Randall, 76 N. W. 1020.

*R. P. Allison* and *Maddux & Rinker,* for respondent.

District court has jurisdiction to order clerk to pay over money collected by him upon a judgment. Peterson v. Hays, 51 N. W. 1143; Elliott v. Jones, 47 Iowa, 124.

Where a clerk holds money and manifests by some plain, unequivocal act that he holds it in his official capacity, the payment is good. 38 Ala. 252.

Payment to the attorney of record of the amount of the judgment by the clerk would have constituted an absolute satisfaction. Henry & Coatsworth Co. v. Halter, 79 N. W. 616.

His receipt of money upon a judgment in his office, whether made voluntarily or upon execution, is an official act. McDonald v. Atkins, 14 N. W. 532.

MORGAN, C. J. A preliminary motion was made in this case to strike out the abstract, or to dismiss the appeal and affirm the judgment. We find none of the grounds of the motion tenable. One of them is based upon the supposition that the rules of this court applicable to appeals under section 5630, Rev. Codes 1899, have not been complied with. But, as the appeal is not made under that section, and the proceeding was not tried under that section, the contention must necessarily fail.

It is further alleged that defendant has not shown such interest in the subject-matter of the cause as will sustain an appeal by him. The appeal is from a judgment against him; hence the contention cannot be sustained.

The other grounds are equally untenable. No useful purpose will be subserved by mentioning them, as they involve no points of practical benefit to practitioners. The appeal is from a judgment rendered against the defendant for the sum of $164.40. The defendant was clerk of the district court in and for Eddy county. One Putnam, an abstractor of titles, sent him $147, the full amount due upon a judgment against one George D. Setz and in favor of the Milburn-Stoddard Company, and requested that said judgment be satisfied of record. Putnam was acting on behalf of one Jones, who was to make a loan to Setz on mortgage security. The defendant received the money on this check from the bank, and thereafter made an entry on the judgment docket that said judgment was fully satisfied. Later one P. M. Mattson, representing himself to be the attorney for Setz, the judgment debtor, informed the defendant that the entry of the satisfaction of the judgment on the docket was erroneously made, as such money had not been sent to satisfy said judgment. Thereupon the defendant made an entry on the judgment docket that the entry previously made that the judgment was satisfied was inadvertently made. He thereupon turned over the money received by him to Mattson. The plaintiff, upon learning that the money had been paid to defendant, made demand for its payment to it, and the demand was refused. The plaintiff then instituted this proceeding to compel the defendant to pay the money to it. The proceeding is based upon sections 5555, 5556, Rev. Codes 1899, providing for the amercement of public

officers, and are as follows, so far as applicable: "If any sheriff or other officer shall refuse, * * * on demand, to pay over to the plaintiff * * * all moneys by him collected or received for the use of said party at any time after collecting or receiving the same, except as otherwise provided, shall, on motion in court and two days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with ten per cent thereon to and for the use of said plaintiff," etc. Section 5556: "If any clerk of court shall neglect or refuse on demand made by the person entitled thereto, his agent or attorney of record, to pay over all money by him received in his official capacity for the use of such person, every such clerk may be amerced and the proceedings against him and his sureties shall be the same as provided for in the foregoing section against sheriffs and their sureties." It is not necessary to determine whether the defendant acted in good faith in paying the money to Mattson. The facts do not warrant the amercement of the defendant for the reasons hereinafter stated. The defendant, as clerk of the district court, had no authority to receive the money in satisfaction of the judgment, and had no authority to enter satisfaction of the judgment by virtue of having received the money. The statute gives the clerk no authority to receive money for such purposes except in certain cases, and the facts of this case do not bring it within any of the exceptions. A clerk has no authority to satisfy a judgment except: (1) When a duly acknkowledged satisfaction thereof is filed in his office. (2) When an execution is returned to his office with a return thereon that the judgment is wholly' satisfied. (3) Upon the filing with him by the judgment debtor of an affidavit setting forth that he desires to pay the same, and that he has, after diligent effort, been unable to find any person having authority to satisfy the same, or in case the judgment creditor refuses to satisfy the judgment. Section 5497, Rev. Codes 1899, and chapter 112, p. 141, Laws 1901. Neither of the conditions specified in the statute existed authorizing the clerk to satisfy the judgment. His pretended satisfaction thereof was a nullity, and the judgment creditor was not necessarily bound by it. Black on Judgment, section 462; Irwin v. McKee, 25 Ga. 646; Hendry v. Benlisa (Fla.) 20 South. 800, 34 L. R. A. 283; Governor v. Read, 38 Ala. 252; Hawkeye Ins. Co. v. Lucknow (Iowa) 39 N. W. 923. The money was not therefore received by the clerk as an official act, or in an official capacity. His duties and authority are defined by statute. Unless authorized by statute, his acts are

not official, but individual, acts. The amercement of an officer is a proceeding penal in its nature, and the statute authorizing it must be strictly pursued, both in regard to the proceedings and the facts authorizing it. Murfree on Sheriffs, section 1101b, and cases cited; Custer v. Agnew, 83 Ill. 194; Conkling v. Parker, 10 Ohio St. 28. In this case the money was received by the defendant not in pursuance of any duty imposed upon him by law. He could not be compelled to receive the money. Refusal to receive it would not be misconduct in office. He did not receive the money by virtue of his duties as an officer. Section 5556, supra, is directed towards delinquencies in performance of duties authorized by law. Before the penalty can be imposed there must be a violation of official duty in matters imposed upon him by law. That he pretends to act as such officer is not enough. There must be authority to receive and failure to pay over money coming into his hands in the performance of some official act which he has authority to do. "It is no part of the duty of a clerk of the district court to receive money in payment of judgments entered in the records of the court of which he is an officer." Matusevitz v. Hughes (Mont.) 68 Pac. 467. As said in People v. Cobb, 10 Col. App. 478,, 51 Pac. 523: "He could receive money as clerk only in the discharge of some duty imposed upon him by law. Now, no authority to receive the money deposited with him by Howard can be found in the statutes prescribing and defining the duties of clerks of the district court. * * * Payment to a clerk of money which he is not by law or some order of the court authorized to receive is not a payment into court." See, also, Bowers v. Fleming, 67 Ind. 541. An act is done by an officer in an official capacity when he performs duties devolving upon him by law. The summary remedy provided by section 5555, supra, cannot be applied under the facts of this case.

The judgment is reversed, and the proceedings dismissed. All concur.