76 675|
107 516|

76 675|
e117 676|

## CHASE v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads:** INJURY TO "CAR-CATCHER": INSTRUCTIONS NOT SUFFICIENTLY COMPREHENSIVE. Plaintiff, while in defendant's employ as a "car-catcher," was injured while climbing upon a car belonging to another company. The defendant claimed that plaintiff's injuries resulted from the defective construction of the car, or from the darkness, or from both, and that, since defendant was not responsible for either, it was not liable, and it asked the court to instruct to that effect. But *held* that the instructions were properly refused, because they ignored the fact that, if plaintiff acted with proper care on his part, and the accident was due to the negligence of another employe, which caused the car to be thrown onto a tract which was not clear, then defendant would be liable.

2. ———: ———: DUTY TO CLIMB BY SAFER OF TWO LADDERS: INSTRUCTION. Plaintiff, while in the performance of his duty as defendant's "car-catcher," was climbing upon a moving car by means of a ladder at the end thereof, and he was injured by the collision of his car with another on the same track. An instruction to the effect that plaintiff should have chosen the safer of the two ladders at the ends of the car was properly refused, because (1) there was no evidence that there was a ladder in good repair at the other end ; and (2) it cannot be said as matter of law that it was his duty to inspect both ends of the car to ascertain where the ascent could be made with the greatest safety, in view of the facts that the car was moving, that the night was dark, and that promptness of action on his part was necessary.

3. ———: ———: EVIDENCE : CARLISLE LIFE TABLES. In an action for a permanent injury, the Carlisle life tables were properly admitted in evidence to show plaintiff's expectancy of life. (See opinion for cases followed, distinguished and overruled.)

4. ——— : ——— : ——— : CHANCES FOR PROMOTION. In an action
by a railroad employe for a permanent injury, he may show his
skill and capacity both before and after the injury, and any special
damage of which the injury was the proximate cause ; but he may
not show, in aggravation of damages, that promotions are made,
and wages increased, in the business in which he was injured,
without at least showing that he was in the line of direct promo-
tion. (*Brown v. Chicago, R. I. & P. Ry. Co.*, 64 Iowa, 656,
*followed; Belair v. Chicago & N. W. Ry. Co.*, 43 Iowa, 676,
*distinguished.*)

*Appeal from Poweshiek District Court.*—HON. W. R.
LEWIS, Judge.

FILED, SEPTEMBER 7, 1888.

ACTION to recover for damages sustained by plain-
tiff, and alleged to have been caused by negligence on
the part of defendant. The cause was tried to a jury,
and a verdict returned in favor of plaintiff for $12,500.
A motion for a new trial was overruled, and a judgment
rendered in favor of plaintiff for the amount of the
verdict. Defendant appeals.

*S. K. Tracy*, for appellant.

*Scott & Clute*, for appellee.

ROBINSON, J.—The plaintiff was employed by
defendant in its yards at Cedar Rapids, in the business
of switching cars. He received the injury of which he
complains on the night of the thirty-first day of August,
1887, while engaged in the line of his duties. The
switching crew of which he was a member consisted of
the foreman, under whose directions the switching was
done, the engineer and fireman, and plaintiff and
another person, who were known as "car-catchers." In
addition to these men there was an employe whose duty
it was to throw the switches. It was the duty of the
foreman to check the train, to cut off the cars, and to
inform the switch-thrower as to the tracks on which he
wished them placed. It was the duty of the car-
catchers to ride the cars cut off by the foreman until their

destination was reached, to prevent their doing damage, to couple them to other cars when necessary, and to notify the switch-thrower when the cars failed to clear other tracks. It was the business of the switch-thrower to throw the switches under the direction of the foreman, to see that the cars thrown onto one track should clear all others, and, when the track upon which the foreman desired to switch a car was clear for that purpose, to give notice of that fact. At the time of the accident the car-catcher employed with plaintiff had taken charge of a "cut," and was engaged in making a coupling before the cars had ceased to move. A car was cut by the foreman, which it was the duty of plaintiff to ride. It was thrown onto a track next to the one where his companion was engaged in coupling, and plaintiff commenced climbing up the forward ladder to reach the top of the car. When he was part way up, his car collided with the rear car of the "cut" on the next track. This had not been thrown far enough from the switch to clear the car of plaintiff, and the result was that plaintiff was caught between the cars of the two cuts in such a manner that his right leg was broken and permanently disabled.

I. The plaintiff was injured while attempting to reach the top of a car of the Chicago, Rock Island & Pacific Railway Company. The evidence tends to show that all box-cars of that company are furnished with ladders at the ends, while all similar cars of defendant have the ladders on the sides; also that the accident would have been less likely to happen in daylight. It is contended by appellant that the injuries to plaintiff resulted from the position of the ladder, which he was climbing, or from the darkness, or from both causes combined; and that, since defendant was not responsible for either cause, it is not liable in this action, and that the court erred in refusing to give certain instructions to that effect. The instructions asked and refused ignore the fact that, if plaintiff acted with proper care on his part, and the accident was due

**1. RAILROADS: injury to "car-catcher": instructions not sufficiently comprehensive.**

to the negligence of another employe, which caused the car of plaintiff to be thrown onto a track which was not clear, then defendant would be liable.

II. The defendant asked the court to give to the jury an instruction as follows: "If you find from the evidence that there was a ladder on each end of this car, then it was his duty to adopt the safer course in getting upon this car; and if he would have escaped injury by getting upon the rear ladder, then it was his duty to adopt the safer way of doing the work; and if he did not do so, and was injured in consequence thereof, then he cannot recover." The refusal of the court to give this instruction is assigned as error. The evidence did not warrant the giving of this instruction. It was not shown that there were two ladders in good order on the car in question. The plaintiff stated that there was no means of getting on the car excepting the one he used, and the evidence tended to show that it was customary and proper for the car-catcher to use the ladder which he could first reach. Certainly it cannot be said as a matter of law that it was his duty to inspect both ends of the car to ascertain where the ascent could be made with greatest safety, in view of the facts that the car was moving, that the night was dark, and that promptness of action on his part was necessary.

2. ___ : ___ : duty to climb by safer of two ladders: instruction.

III. Appellant complains of the ruling of the court below, which admitted in evidence the Carlisle tables to show plaintiff's expectancy of life, and cites *Nelson v. Chicayo, R. I. & P. Ry. Co.*, 38 Iowa, 564, and *Simonson v. Chicago, R. I. & P. Ry. Co.*, 49 Iowa, 88, in support of its position. But the case first named was overruled in *Knapp v. Sioux City & Pac. Ry. Co.*, 71 Iowa, 41, and the next case is not in conflict with the one last cited. The injury to plaintiff is shown to be permanent, and it was therefore proper to show his expectancy of life.

3. ___ : ___ . evidence: Carlisle life tables.

IV. The district court permitted the plaintiff to show, against the objections of defendant, that there

Chase v. The Burlington, C. R. & N. Ry. Co.

4. ——:——: was a line of promotion in the business in ——:chances which he was engaged when injured; that for promotion. the grade next to the one held by plaintiff was switch-thrower, without increase of pay; that the next grade was that of yard-master, with a salary of one hundred dollars per month; and that the next was that of train-master, with a further increase of salary. Appellant complains of the admission of this evidence, and we think with sufficient cause, The plaintiff was receiving $2.07 for each night's service, and was working every night. While it may be conceded that the evidence shows that plaintiff is unfitted to discharge the duties of the grades named by reason of his injuries, yet it does not show, nor tend to show, that he had any reason to expect promotion. Certainly it is not shown that he failed to receive it in consequence of his injuries. It is not shown that he was qualified to receive promotion. The damages which plaintiff sought to prove by the evidence in question were not pleaded, and were of a speculative and remote character. Counsel for appellee insist that the evidence was admissible, and cite *Belair v. Chicago & N. W. Ry. Co.*, 43 Iowa, 676, in support of their view. Some of the language of the opinion in that case gives color to their claim, but what was there said in regard to the matter now under consideration was at most in the nature of *dictum*. Our conclusion in this case is in accordance with the ruling in *Brown v. Chicago, R. I. & P. Ry. Co.*, 64 Iowa, 656. See, also, *Brown v. Cummings*, 7 Allen, 507. In cases like this it is proper to show the skill and capacity of the person injured, both before and after the injury was received, and any special damage of which the injury was the proximate cause; but it would be contrary to well-established and approved rules of law to permit the injured person to show in aggravation of damages that promotions are made, and wages increased, in the business in which he was engaged when injured, without at least showing that he was in the direct line of promotion. Whether

he need show more than that is a question not involved in this case.

V. Other questions discussed by counsel are of such a nature as not to require further consideration, in consequence of the disposition we make of the case.

For the error pointed out, the judgment of the district court is

REVERSED.