Central Manfg. Co. *v.* Cotton.

CENTRAL MANUFACTURING COMPANY *v.* COTTON.

(*Knoxville.* November 5, 1901.)

1. SUPREME COURT. *Will not reverse on credibility of witnesses.*

This Court will not reverse a judgment for a plaintiff based upon the verdict of a jury, or upon the finding of the Judge sitting as a jury, upon the ground that the evidence for the plaintiff is so overwhelmingly contradicted by the evidence of other witnesses that no Court can believe it. This Court has no power, in such case, to pass upon the credibility of witnesses. That question is within the exclusive province of the jury.

Cases cited; Railroad *v.* Abernathy, 106 Tenn., 723; Eller *v.* Richardson, 89 Tenn., 576; Cowan *v.* Singer Mfg. Co., 92 Tenn., 376.

2. SAME. *Will not reverse for excessive damages, when.*

This Court refuses to reverse, as excessive, a judgment of $100, in favor of a father for an injury to his son, causing loss of half of three fingers, although it appears that the boy received greater wages after than before the accident, it also appearing that he lost time, and that his injury was of a character to impair, and did impair his capacity to labor.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

CREED F. BATES, for Manufacturing Company.

HEAD & ANDERSON and S. B. WRIGHT, for Cotton.

CALDWELL, J.    Thomas Cotton, a negro boy, sixteen years of age, lost about half of three fingers on his right hand while operating a circular cut-off saw for the Central Manufacturing Company. His father, Arthur Cotton, brought this action in his own right to recover damages from the company for the loss he sustained by the injury to his son.    The Circuit Judge, sitting without a jury, found the facts in favor of the plaintiff and rendered a judgment against the defendant for $100.    Having appealed in error, the defendant here asserts that there is no evidence to sustain the finding below. The boy testified with great positiveness and circumstantiality as to the cause, manner, and extent of his injuries.    His testimony tended strongly to show that a certain wooden contrivance, called a " slide," on which he was required to push timber against the rapidly revolving saw, was defective in its controlling, grooves, and fastenings, and that, while he was in the careful discharge of his duties to the defendant, these defects caused the slide to leave its proper position and throw his hand upon the teeth of the saw, with the result heretofore stated.    The brief, filed in support of defendant's assignment of error, concedes that the boy gave such testimony,

but, nevertheless, presents the contention that "the extraordinary theory of the accident by the boy . . . is so overwhelmingly contradicted" by the evidence of other witnesses that "no Court can believe him." This contention ignores the fact that this Court has no power, in such a case, to pass upon the credibility of witnesses. That power rests with the jury alone, or with the Court below when trying the case as a juyr. When the jury, or the trial Court as a jury, in the exercise of its peculiar right, has given credit to one witness and refused credit to other witnesses, however numerous, this Court has no power to reverse that decision and give credit to the greater number, as it is now asked to do.

The late case of *Railroad* v. *Abernathy* is in point. It was there said: "In considering the first assignment of error, which is that there is no evidence to support the verdict, this Court takes as true the strongest legitimate view of the testimony, in favor of Abernathy and discards all countervailing testimony because the jury, whose exclusive province it was to pass upon the credibility of witnesses, has, by its verdict, resolved all conflicts in his favor." 106 Tenn., 723, 724.

The finding of facts by a trial Judge without a jury is entitled to the same weight in this Court as the verdict of a jury. *Eller* v. *Richardson* 89 Tenn., 576; *Cowan* v. *Singer Mfg. Co.*, 92 Tenn., 376. It resolves all conflicts in favor of the suc-

24 p—5

cessful party and gives him, in this Court, the benefit of the strongest legitimate view of the testimony introduced in his behalf. It follows, then, that the boy's testimony in the present case must now be accepted as true, and, when that is done, there is no room to dispute that the defendant was guilty of actionable negligence.

It is further urged by the defendant that the plaintiff has suffered no loss and should have no recovery because it is admitted that he has generally received larger daily wages for his son since the injury than before. Though plausible at first glance, this position is, in reality, not tenable. The mere fact that the boy has, since the injury, when at work, generally received from another employer more money per day for his labor than he previously received from the defendant, does not show that his earning capacity has not been impaired. Certainly the loss of three fingers has not rendered him more valuable as a laborer; and yet, that is the logical result of the criterion invoked; for he has obtained more for his labor latterly than he received for it formerly. The defendant, with which he was not bound to remain, may have paid less than his labor was worth; or his employer, who was not bound to keep him, may have paid more than it was worth; or wages for such work may have advanced in the meantime more than the difference between those two rates. However that may be, everybody must know that a common laborer, as

Central Manfg. Co. *v.* Cotton.

this boy was and is, cannot at all times perform so much labor, or always command so large compensation, in this maimed condition as he could with his two whole hands.

Moreover, the plaintiff testifies (and his testimony must here be regarded as true), that his son lost considerable time while his wounds were being cured; that the defendant paid him for some work after his injury at a lower rate than before, and that he was by the injury permanently disabled for doing many useful things about home that he was accustomed to do before the loss of his fingers. Thus some loss to the plaintiff is unmistakably established, and, while the amount thereof cannot be ascertained by exact calculation, the judgment pronounced seems entirely reasonable. Indeed, there is no contention that the amount of the recovery is excessive, if any amount be allowed.

Affirm.