# Central Foundry Co. *v.* Bennett.

*Action for Damages for Death of Employe.*

[DECIDED Nov. 30, 1906, 39 So. REP. 574.]

1. *Death; Damages; Evidence.*—It may be shown that deceased was a bright, economical and industrious boy, learning his trade quickly, as a circumstance to go to the jury, in fixing his present earning capacity and future expectancy, in a suit by the administrator for the death of the deceased by negligence.

2. *Same.*—It is improper to permit testimony to be introduced to show what a skilled mechanic earned per day, in an action for damages for death of intestate, where it appears that intestate had been learning the trade only about seven weeks, and a three year's apprenticeship is necessary to become a skilled mechanic, as too remote and speculative.

APPEAL from Bessemer City Court.

Heard before Hon. B. C. JONES.

This was an action by the administrator of Turney Bennett, deceased, who was at the time of his death, an employe of the Appellant.

The proof showed that he was killed while assisting another employe to adjust a belt on a revolving pulley in the machinist department of appellant's shops, under orders from the superintendent, and that there was a defect in said belt which caused it to break and wrap around deceased hurling him against some timbers, causing his death.

The proof further showed that deceased was about sixteen and a half years old, and had been working in

the machinist department for appellants for six or seven weeks, making a time and a half on an average. It was shown that the shops did not run on Sunday. It was also shown that deceased was a bright, quick, economical boy, learning the trade rapidly. It was further shown that it took three years to become a skilled machinist.

The plaintiff asked the following question: "State what the trade which this boy was learning paid experienced or skilled hands after they had learned this trade." Objection by defendant, but objection overruled and witness permitted to answer, "$2.75 to $3.00 per day."

Another witness was asked by plaintiff, "What do skilled machinists get in a place like this?" There was the same objection, but he was permitted to answer, "Three dollars per day."

Defendant (appellant) requested the court to give the following written charge: "The court charges the jury that if they find for the plaintiff they cannot, in making up their verdict, take into consideration the testimony introduced as to the earnings of skilled machinists," which charge the court refused. There was verdict and judgment for $5,000.00.

WALKER PERCY, for Appellant.—It was error to permit the plaintiff to show what rate or scale of wages was paid skilled machinists in the trade then being learned by intestate, in view of the fact that he had been learning the trade only about seven weeks, and there was nothing showing that he had agreed to work for appellant a given length of time, or that appellant had agreed to employ him for any given length of time, especially as it was shown that it required three years of apprenticeship to become a skilled machinist in the trade the intestate was learning.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *Brown v. C. R. I. & P. Ry. Co.*, (Ia.), 21 N. W., 193; *Bonnet v. G. H. & S. Ry. Co.*, (Texas), 33 S. W. 334; *C. C. & I. Co. v. Lamb*, (Colo.), 40 Pac. Rep. 255; *Chase v. B. C. R. & N. R. R. Co.*, (Ia.), 39 N. W. 196; *R. & D. R. R. Co. v. Elliott*, 149 U. S. 267, s. c. L. R. A., Book 37, p. 730; *Davis v. Kornman*, (Ala.) 37 So. Rep. 793, 141 Ala. 479.

The verdict of $5,000.00 was excessive.—*McAdory v. L. & N. R. R. Co.*, 94 Ala. 272.

FRANK S. WHITE & SONS, for Appellee.—The court properly admitted testimony showing the wages of a skilled machinist in the trade the plaintiff's intestate was learning, in view of the fact that the evidence showed that the intestate was a bright, intelligent, hardworking lad, learning the trade rapidly.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 150; *James v. R. R. Co.*, 92 Ala. 231; *McAdory v. R. R. Co.*, 94 Ala. 272; *T. C. & C. I. Co. v. Enslen*, 129 Ala. 348; *L. & N. R. R. Co. v. Morgan*, 114 Ala. 458; *Brown v. Chicago, etc.*, 64 Iowa 652; *Chase v. Burlington*, (Ia.), 39 N. W. Rep. 196; *Eginoire v. Union Co.*, (Ia.), 84 N. W. 750; *Walters v. R. R. Co.*, 41 Iowa 71; *T. & P. R. R. Co. v. Wilder*, 35 C. C. A., 105, s. c. 92 Fed. 953; Joyce on Damages, §§ 528, 832; 4 Sutherland on Damages, § 1268, pp. 3731-37.

Under the facts of this case the damages were not excessive, and the verdict should be sustained.

ANDERSON, J.—The right given a personal representative to sue for injuries resulting in the death of his intestate, as provided by section 1751 of the Code of 1896, is intended as a remedy for compensation to those having a pecuniary interest in the person killed, and the amount of recovery is limited to the value of such interest.—3 Wood's Railway Law, p. 1536, § 414. "That the jury may have proper data from which a pecuniary interest may be fixed, it is proper to admit evidence of the age, probable duration of life, habits of industry, means, business, earnings, health, skill of deceased, and reasonable future expectations; and perhaps there are other facts which should exert a just influence in determining the pecuniary damage sustained."—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548, 8 South. 360. While under the rule laid down a jury would not be rigidly restricted in assessing damages to the earnings of intestate at the time of his death, and where intestate, as in this case, is shown to have been bright, economical, and industrious, the jury might consider the fact that these qualities, with age and experience, would bring increased earning capacity. We do not think, however, that it was permissible for the plaintiff to have proven the earn-

[Central Foundry Co. v. Bennett.]

ing capacity of a man proficient in a trade, when the evidence shows the intestate was wearing the swaddling clothes of apprenticeship. Such evidence was speculative and remote, and the defendant's objection thereto should have been sustained. He had served but six or seven weeks at this trade, and the undisputed evidence was that it required a service of three years to become a skilled machinist.

In the case of *Brown v. Rock Island & Pacific Ry. Co.,* 64 Iowa, 656, 21 N. W. 195, the court says: "Plaintiff was permitted, against defendant's objection, to prove that firemen, employed on defendant's engines, when they had sufficient experience, and had acquired the requisite skill, were sometimes employed as engineers, and when so employed they were paid an increased compensation for their services. This evidence was admitted for the purpose of showing what the earnings of the intestate would probably have been if he had lived the natural period of his life. In our opinion it was not competent. In determining the damages which the estate of a decedent will sustain in consequence of his death, it is proper to consider his calling at the time of his death, his ability, the amount of his earnings, and the like circumstances; and the estimate should be made with reference to such facts as actually existed at the time of his death, and such as it is reasonably certain would have occurred in the future, but for his death. It is not claimed that he possessed the skill requisite for the employment, and whether he ever would have acquired that skill was uncertain. The evidence should therefore have been excluded." In *Bonnet v. Galveston, H. & S. A. Ry.* (Tex. Sup.) 33 S. W. 334, the court says: "Although it has been testified that the deceased, just before his death, was preparing himself to become a machinist and an engineer, the court did not err in excluding the evidence as to the wages that machinists and engineers ordinarily receive for their services. The probability of his becoming an engineer and machinist was too remote, contingent, and speculative to throw any light on his probable future earnings. It was calculated to mislead, rather than aid, the jury in determining the question of damages." For other authorities on this subject see *Colo-*

[Thomas as Admr. v. Sloss-Sheffield Steel & Iron Co.]

*rado Coal & Iron Co. v. Lamb;* (Colo. App.) 40 Pac. 255;
*Chase v. Burlington Ry.,* 76 Iowa, 675, 39 N. W. 196;
*Richmond & Danville R. R. v. Elliott,* 149 U. S. 267, 13
Sup. Ct. 837, 37 L. Ed. 728.

Since all of the assignments of error insisted upon
are predicated on the admission of this evidence, we
need not consider them separately.

The judgment of the city court is reversed, and the
cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.