# Birmingham Railway, Light & Power Co. v. Chastain.

*Action by Parent for Damages to Minor Son, A Passenger.*

(Decided Dec. 17, 1908.  48 South. 85.)

1. *Carriers; Injuries to Passengers; Complaint.*—A complaint which alleges that the servant of the defendant carrier, acting within the line of his duty, caused plaintiff's minor son to fall from the car, and that such servant wantonly caused plaintiff's son to fall from the car, sufficiently avers that the servant was acting within the line and scope of his authority.

[Birmingham Railway. Light & Power Co. v. Chastain.]

2. *Negligence; Pleading; Injury.*—In actions for personal injury the complaint must state the injuries with certainty and definiteness.

3. *Parent and Child; Actions for Injury; Complaint.*—Where the action was by the parent for the loss of service and society of his minor child, the complaint sufficiently itemizes the child's injury in the allegation that the child was severely injured in his person and made sick and sore thereby, and plaintiff lost the services and society of his child.

4. *Same; Injury to Child; Parent's Damages.*—In an action by a parent for the loss of the services of his minor child, the damages to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child; and the jury may consider that with age, growth and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling.

5. *Trial; Argument of Counsel; Objection.*—It is not error to refuse an instruction which is asked merely for the purpose of answering an argument, since it is the duty of the party to object to and move to exclude the argument that he deemed is improperly made.

6. *Same; Charges Covered by Those Given.*—It is not error to refuse a charge which is a substantial duplicate of charges given.

7. *Same; Evidence; Objection; Time to Take.*—An objection to a question should always be interposed before answer, and the court will not be put in error for overruling a motion to exclude a responsive answer to a question or an objection to the question after the same has been answered.

8. *Damages; Loss of Services; Excessive Verdict.*—A verdict for $3,250 in favor of a father suing for loss of services and society of his child, is not excessive where it appears that before the injury the boy was an unusually large and healthy boy, and fully up to, if not above the average intelligence, and that as a result of the injury, the boy lost his right hand, except the thumb and index finger, and that they were permanently stiff, and his skull was fractured, and he was subject to sudden and acute pains in his head and dull aching and hemorrhages from the nose, and his mind was not active and his memory not good.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Benjamin F. Chastain against he Birmingham Railway, Light & Power Company for damages for loss of society and service of a minor son. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 2 was as follows: "Plaintiff claims of defend-

[Birmingham Railway, Light & Power Co. v. Chastain.]

ant $5,000 as damages, for that heretofore, to wit, on the 20th day of August, 1905, defendant was a common carrier of passengers by means of a car operated by electricity upon a line of railway known as 'East Lake Railway'; that on said day defendant's servants or agents on said car, acting within the line or scope of their authority, threw or caused plaintiff's minor son, Russell Chastain, who was a member of plaintiff's family, to fall from said car while same was in rapid motion, and while said car was at a point on said railway in or near Avondale, in Jefferson county, Ala., and as a proximate consequence thereof plaintiff's said minor son was severely injured in his person, and was made sore and sick from it, and as a proximate consequence thereof plaintiff lost the services and society of his said minor son for a long time, and will likely for a long time continue to lose said services and society, and services of said minor son will be rendered less valuable to plaintiff until said minor son reaches the age of 21 years, and plaintiff was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in or about his effort to heal and cure said wound, soreness, and sickness of the said minor son. Defendant's servant or agent on said car, to wit, the conductor thereof, wantonly or intentionally caused plaintiff to suffer said injuries and damages, by wantonly or intentionally throwing or causing said plaintiff's minor son to fall from said car while same was in rapid motion, well knowing that to do so would likely or probably cause great personal injury to said minor son."

The demurrers to the said count were as follows: "(1) That it was vague, uncertain, or indefinite. (2) It does not appear therefrom what duty the defendant, its servants, or agents owed to plaintiff's minor son. (3) It does not appear wherein or how the defendant,

its agents, or servants violated any duty which it owed to plaintiff's minor son. (4) No facts are therein alleged showing wherein or how the defendant negligently conducted itself in or about carrying plaintiff as a passenger. (5) It does not appear that said conductor was then and there acting within the line or scope of his employment as such. (6) No facts are alleged which render defendant liable to the plaintiff for such wanton or intentional act of said conductor. (7) The nature, character, and extent of plaintiff's minor son's injuries are not therein set forth with sufficient certainty to advise defendant thereof, and the same are alleged by way of conclusion merely."

The following charges were refused to the defendant: "(1) In estimating the damages, if the jury find for the plaintiff, the jury cannot consider the probability that the plaintiff's son might become a locomotive engineer during his minority, and earn wages as such. (2) If the jury find for plaintiff, in assessing his damages as affected by the lost earning capacity of the son, the jury cannot consider the likelihood of the boy's earning capacity increasing by reason of doing work of more value as he increased in age up to the time of obtaining his majority. (3) The basis of computing the value of plaintiff's son's earnings to him during his minority is to be estimated upon the value of his son's time at the time of the injury, as shown by the evidence; and the jury, in making this estimate, cannot consider any possible increase in plaintiff's son's earning capacity from the time of his injury to the time he becomes of age. (4) If the jury find for plaintiff, they cannot, in assessing his damages, award him anything to compensate him for the time he lost in attending upon his son at the hospital, or at his home, when he was suffering from his injuries."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling defendant's demurrer to the 2nd count of the complaint.—*City Del. Co. v. Henry,* 139 Ala. 164. The fact that plaintiff spent carfare for himself and other members of his family in going to and returning from the hospital was not a proper item of damage.—*Woodward I. Co. v. Curl,* 44 South. 974. The court should have given charges 1 and 2 refused to the defendant.—*Cent. Found. Co. v. Bennett,* 39 South. 574; 64 Ia. 656; 33 S. W. 334; 40 Pac. 255. Plaintiff was not entitled to recover damages for his lost time in nursing or waiting upon his son, in the absence of evidence tending to show the reasonable value thereof.—*Southern Ry. Co. v. Crowder,* 135 Ala. 418; *Woodward I. Co. v. Curl, supra.*

BOWMAN, HARSH & BEDDOW, for appellee. The 2nd count was not subject to any of the demurrers interposed.—*Bryant v. Southern Ry. Co.,* 137 Ala. 491; *Moss v. Moseley,* 148 Ala. 177; 5 Ency P. & P. 92; *Bubee v. Bir. R. L. & P. Co.,* 140 Ala. 277; *Bir. S. Ry. Co. v. Lintner,* 141 Ala. 420; 7 Tex. Civ. App. 444. The objection to the evidence came too late.—*Washington v. The State,* 106 Ala. 58; *Jarvis v. The State,* 138 Ala. 20; *Downey v. The State,* 115 Ala. 108. If it was error, the error was cured by charges subsequntly given instructing the jury that such items could not be considered as damages. *Sherrill v. L. & N.,* 148 Ala. 1. In any event, the damages were recoverable.—13 Cyc. 146; 49 Tex. 332; 58 N. H. 534; 21 A. & E. Ency of Law, p. 1047.

DENSON, J.—This action is one by the father of a minor son against the defendant, as a common carrier of passengers, for the loss of the services and society of the son consequent upon injuries alleged to have been occa-

sioned by the defendant's conductor, in wantonly or intentionally throwing or causing to fall from one of the defendant's cars, while the same was in rapid motion, the said minor son. The first ground in the assignment of errors challenges the correctness of the judgment of the court in overruling a demurrer to the second count of the complaint.

It is first urged, as an objection to the count, that it does not sufficiently aver that the agent of the defendant, alleged to have been guilty of wanton or intentional misconduct, was acting within the scope of his authority. This objection is not, we think, well founded. In the outset the count avers "that on said day defendant's servant or agent on said car, acting within the line and scope of his authority, threw or caused plaintiff's minor son * * * to fall from said car," etc. Then, after setting forth the injuries and damages consequent, thereupon, and in the conclusion of the count, it is alleged that "defendant's servant or agent on said car, to wit, the conductor thereof, wantonly or intentionally caused plaintiff to suffer said injuries and damages, by wantonly or intentionally throwing or causing plaintiff's said minor son to fall from said car while same was in rapid motion, well knowing that so to do would likely or probably cause great personal injury to said minor son." The argument in support of this objection is founded upon a separation of this concluding portion of the count (by the defendant termed the charging part) from the rest of the count. If this theory of construction were correct, then manifestly the contention of the defendant would be sound; but the court is of the opinion that the count should be construed as a whole. So construing it, the latter part is qualified by the averment (heretofore referred to) that the agent or servant was acting within the scope of his authority. In other words, looking to

all the averments of the count, and giving to them a fair and reasonable construction, the agent or servant referred to in the conclusion is the identical agent or servant indicated in the former part of the count; and in the conclusion the conduct complained of is the same as that formerly referred to, notwithstanding the interpolation of the words "wantonly or intentionally."

It is next argued against the count that the injuries to the son are not averred with sufficient certainty. The rule is settled in this jurisdiction that in cases of personal injury, where the recoverable damages depend upon the extent of the hurts sustained and the suffering endured on account thereof, the complaint must state the injuries with certainty and definiteness to a common intent, so that the defendant may be prepared to rebut the case the plaintiff proposes to lay before the jury.— *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389; Ency. Pl. & Pr. 377, 378, 399. And it was held in the *Henry Case, supra,* that a complaint, the averments of which, in respect to the injuries, were that they were "serious," and that the plaintiff had suffered and would continue to suffer from them "both in body and in mind," was open to demurrer for indefiniteness. Without stopping to analyze the *Henry Case* further, it appears that the case in judgment is distinguishable from it. Here the recoverable damages are for the services of the child lost to the parent, and not from any suffering consequent upon the injury; and, while the loss of services is a consequence of the injuries inflicted on the child, it would seem that the averments of the complaint in judgment, to the effect that "plaintiff's minor son was severely injured in his person, and was made sick and sore, and as a proximate consequence thereof plaintiff lost the services and society of his said minor son'" should be held to be a sufficient itemization of the son's injuries to show the foundation or condition upon which plaintiff bases

[Birmingham Railway, Light & Power Co. v. Chastain.]

his claim for lost services, and even for other items of damages claimed in the complaint.—*Birmingham, etc.. Co. v. Lintner*, 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40; *Bube v. Birmingham, etc., Co.*, 140 Ala. 270, 37 South. 285, 103 Am. St. Rep. 33; *Gulf, etc., Co. v. McMannewitz*, 70 Tex. 73, 8 S. W. 66; *Street R. R. Co. v. Muth*, 7 Tex. Civ. App. 443, 27 S. W. 752; *Ehrgott v. New York*, 96 N. Y. 275, 48 Am. Rep. 622; *Ohio, etc., Co. v. Hecht*, 115 Ind. 443, 17 N. E. 297; *Hanson v. Anderson*. 90 Wis. 195, 62 N. W. 1055; 15 Ency. Pl. & Pr. 453; 13 Cyc. 146, 179, 185. The demurrer was properly overruled.

In this action the recoverable damages are limited to such as will compensate the parent for the loss of the child's services up to the time of his majority, for such reasonable amounts necessarily expended in and about the treatment and care of the child, and for the value of the parent's services while nursing the child.—13 Cyc. 146; *Woodward Iron Co. v. Curl*, 153 Ala. 205, 44 South. 974; *Bube v. Birmingham, etc., Co.*, 140 Ala. 276, 37 South. 285, 103 Am. St. Rep. 33; *Central Foundry Co. v. Bennett*, 144 Ala. 184, 39 South. 574, 1 L. R. A. (N. S.) 1150, 113 Am. St. Rep. 32; *Southern Railway Co. v. Crowder*, 135 Ala. 417, 33 South. 335. In estimating the damages, the jury could not legally consider that the son might have become a locomotive engineer or embraced other like profitable or more profitable calling during his minority.—*Central Foundry Co. v. Bennett, supra: Davis v. Kornman*, 141 Ala. 479, 37 South. 789; *Smith. Adm'r, v. Middleton*, 112 Ky. 588, 66 S. W. 388, 56 L. R. A. 484, 99 Am. St. Rep. 308; *Cent. Mfg. Co. v. Cotton*, 108 Tenn. 66, 65 S. W. 403.

But charge 1, refused to the defendant, as clearly shown by the record, and also by brief of appellant's counsel, was asked solely for the purpose of answering the argument of counsel to the jury. Otherwise, it is

[Birmingham Railway, Light & Power Co. v. Chastain.]

abstract. If counsel deemed the argument of counsel for plaintiff improper, he could have screened his client from its effect by an objection and motion to exclude it from the jury. The refusal of such charges involves no error.— *Brown's Case,* 121 Ala. 9, 25 South. 744; *Mitchell's Case,* 129 Ala. 23, 30 South. 348.

While, as announced above, the subject of damages may not be considered in respect to any particular calling, yet the jury should not be restricted to the value of the son's services at the time the injury occurred. They may legitimately consider that, with age, growth, and experience, his value to his father might have increased. In this view, charges 2 and 3 of the defendant's series were properly refused.—*Central Foundry Co. v. Bennett, supra; Ihl v. Forty-Second Street, etc., Co.,* 47 N. Y. 321, 7 Am. Rep. 450; *Houghkirk v. President, etc., S. & H. C. Co.,* 92 N. Y. 220, 44 Am. Rep. 370, *O'Mara v. Hudson r. R. R. Co.,* 38 N. Y. 445, 98 Am. Dec. 61.

Refused charge 4, as the record shows, is a duplicate of a charge that was given for the defendant; hence error cannot be predicated upon its refusal.

Defendant's objection to the question caling for testimony that plaintiff paid his car fare in visiting his son while the latter was at the hospital (even conceding the illegality of such testimony) came too late. The court cannot be put in error for overruling it, nor for refusing to exclude the responsive answer to the question.—*McCalman's Case,* 96 Ala. 98, 11 South. 408; *Billingsley's Case,* 96 Ala. 126, 11 South. 409.

The jury assessed the plaintiff's damages at $3,250, and the only question remaining open for consideration is whether or not the verdict is excessive. The argument in support of the insistence of excessiveness is based solely on the theory that the jury was not authorized to consider that the earnings of the nine year old boy might have increased as he approached his majority. In other

words, defendant would limit the plaintiff's recovery to the value per week of the son's services, as fixed at the time the injury occurred, up to his majority, properly discounted. We have seen that such is not the rule by which the jury should be restricted.

The evidence shows that the boy lost all of his right hand, except the thumb and index finger, and that these are permanently stiff; that his skull was fractured, and up to the time of the trial, that he would have sudden and acute pains in his head, and dull aching, and hemorrhages from the nose; and that his mind was not active, and his memory not good. But it shows that, up to the time of the injury, he was unusally large and healthy, and fully up to, if not above, the average in intellect. Under these facts, we think it was within the province of the jury to find that, whereas, without the injury his services, which had already begun to be worth to his father $2 or $3 per week, and "probably more," would likely have greatly increased in value with the boy's growth and development, yet, under the actual facts of his physical injury and resultant mental impairment, his services would be of little if any value. The subject was for the careful and conscientious consideration of the jury, and we are not convinced that they erred.— *Strohm v. N. Y. & L. E. R. Co.,* 32 Hun (N. Y.) 20; *Seltzer v. Saxton,* 71 Ill. App. 232; *Central Mfg. Co. v. Cotton,* 108 Tenn. 66, 65 S. W. 403; *Rosenkranz v. Lindell R. Co.,* 108 Mo. 9, 18 S. W. 890, 32 Am. St. Rep. 588; *O'Mara v. Hudson River R. Co.,* 38 N. Y. 445, 98 Am. Dec. 61.

No error being shown, the judgment of the lower court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.