# Billingsley *v.* The State.

*Indictment for Selling Liqour without License.*

1. *Failure to object to question calling for irrelevant testimony.*—Where a defendant in a criminal case fails to object to a question calling for irrelevant testimony, it is not a matter of right on his part to have the answer excluded.

2. *Argument of counsel.*—In a trial for selling liquor without a license, where there is evidence that a witness for the defendant, who was a member of the grand jury which found the indictment against him, took a drink with the sheriff on the day of the trial, a statement of the solicitor in his argument, that "it is an outrage when the sheriff of your county and a grand juror are drinking together while court is in session," is not improper.

WM. L. MARTIN, Attorney-General, for the State.

THORINGTON, J.—Appellant was tried and convicted under an indictment charging him with selling liquor without a license.

On the trial, one Hardin, who was a member of the grand jury which found the indictment against the defendant, was examined as a witness for the defendant, and in response to a question propounded to him by the solicitor, stated that he had taken a drink on that day, the day of his examination as a witness, and, on then being asked by the solicitor with whom he had taken a drink, replied "with the sheriff, Mr. Blair, only a few minutes ago." To this last statement the defendant objected, on the ground that it was irrelevant and immaterial, and moved the court to exclude the same from the jury, but it does not appear that the question which elicited this statement was objected to by the defendant. The court overruled the objection and motion to exclude, and to this ruling of the court the defendant excepted. In his closing argument the solicitor used the following language, to-wit: "Gentlemen, it is an outrage when the sheriff of your county and a grand juror are

[Mobile & Birmidgham Railway Co. v. Kimbrough.]

drinking together while court is in session." Defendant reserved an exception to this language of the solicitor, and asked the court to exclude the same from the jury, which the court declined to do, and to this action of the court the defendant excepted. The two foregoing exceptions are all that are reserved for the consideration of this court.

The defendant having failed to object to the question which called forth the irrelevant testimony above referred to, and having permitted the witness to answer, it was not matter of right on his part to demand that it should be excluded by the court. If otherwise, a party could speculate upon the answer of a witness to questions calling for irrelevant or illegal testimony by accepting its benefits or rejecting it, as he may deem his interests require.—*McCalman v. State, ante* p. 96. There was, therefore, no error in the refusal of the court to exclude the testimony objected to by the defendant.

That testimony being before the jury, it was legitimate matter for comment by the solicitor. The language he employed probably went to the utmost limit of propriety, but we can not say it transcended the rules laid down by this court in the following decisions: *Jackson v. Robinson,* 93 Ala. 157; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548; *E. T., Va. & Ga. R. R. Co. v. Bayliss,* 75 Ala. 466; *Wolffe v. Minnis,* 74 Ala. 386; *Cross v. State,* 69 Ala. 476.

The judgment of the Circuit Court is affirmed.