# West Pratt Coal Co. *v.* Andrews.

*Injuries to Employe.*

(Decided March 2, 1901. 43 So. Rep. 348.)

1. *Master and Servant; Injury to Servant; Defective Ways; Declaration; Specification of Defect.*—Under Sec. 1749, subd. 1, Code 1896, a declaration is sufficient that alleges that plaintiff was injured by the falling of a trestle on which coal cars were operated, and that such trestle, designated by its location, was defective, and sufficiently avers in what part of the trestle the defect consisted..

2. *Same; Pleas; Assumed Risk.*—A plea asserting that the condition of the trestle was open to ordinary observation and that plaintiff continued to work thereon until he was hurt and thereby assumed the risk, was insufficient in failing to allege that plaintiff knew or by the exercise of ordinary observation, might have known, the risk attending the use of the said trestle.

3. *Same; Contributory Negligence.*—A plea alleging that plaintiff was guilty of contribtuory negligence in that he was at work on a trestle about forty feet high and it was his duty to exercise ordinary care and diligence to discover the defect or dangerous condition of the trestle, and by the exercise of such care and diligence he could have discovered the defect which caused his injury, is insufficient and presents a non sequitur, as a servant is authorized to assume that the master has performed

[West Pratt Coal Co. v. Andrews.]

his duty to use due care to provide a reasonably safe trestle, in the absence of knowledge to the contrary.

4. *Evidence; Opinion Evidence; Conclusion of Fact.*—A witness may not testify that plaintiff had knowledge of the defective condition of the trestle by which he was injured, at the time of his injury.

5. *Trial; Reception of Evidence; Objection; Time.*—An objection to a question is unavailing if not made to the question until after the answer.

6. *Damages; Evidence.*—As bearing on the question of damages plaintiff could testify as to the highest rate of wages received by him within three or four months prior to the accident.

7. *Evidence; Expert Witness; Cross Examination.*—An expert having testified on his examination in chief with respect to plaintiff's kidney being detached may be asked on cross examination the symptoms attending a detached kidney and it is within the discretion of the court to widen the range of the cross examination even to matters not pertinent to the issue to test witness's means of knowledge, memory and skill.

8. *Master and Servant; Injury to Servant; Instructions.*—A charge asserting that the jury could not give plaintiff a verdict on account of any defect in the original construction of the trestle was susceptible of the construction that although the jury might find the defect hypothesized they could not make it the basis of a recovery and it was properly refused.

9. *Same.*—The plaintiff, in the absence of knowledge of the defect, being entitled to assume that there was no defect in the trestle, it was propr to refuse an instruction asserting that it was the duty of the plaintiff to use reasonable care in examining the surroundings, to take such knowledge of danger as could be obtained by examination, and in performing his duty he was required to take notice of the operation of familiar laws and govern himself accordingly, and if he failed to do so the risk was his own, and that if the defect was obvious and suggestive of danger knowledge would be presumed.

10. *Appeal; Instruction; Prejudice.*—In the absence of evidence showing that defendant placed the duty on plaintiff of inspecting the trestle or that anyone ever told him that the cap of the trestle was broken, it was not error prejudicial to the defendant to so instruct the jury, although such a charge was a mere argument.

11. *Master and Servant; Injuries to Servant; Defective Ways; Evidence.*—The evidence in this case stated and examined and held sufficient to suport a verdict for plaintiff on an action brought under subd. 1, sec. 1749, Code 1896.

24 R

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by Richard D. Andrews against the West Pratt Coal Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The character of the action, the complaint, and the demurrers thereto are fully set out in the opinion. A number of pleas were filed, but it is unnecessary to set out any here but the eleventh and seventeenth, which are as follows: (11) "That the condition of the bridge or trestle was open to ordinary observation, and plaintiff continued to work thereon until he was hurt, and thereby assumed the risk." (17) "For further answer, the defendant says that plaintiff was guilty of negligence, which contributed proximately to his injuries, in this: that the plaintiff was at work on a high trestle, to-wit, about forty feet high, and it was his duty, by reason of his position, to exercise ordinary care and diligence to discover any defective or dangerous condition of the trestle on which he was at work; and defendant says that plaintiff, by the exercise of his duties, could have discovered the defective condition of the trestle which caused his injuries." Demurrers were interposed to the eleventh plea as follows: "It does not follow as a matter of law from the facts stated therein that plaintiff assumed the risk. It is not averred or shown that plaintiff had knowledge of the defect. It is not shown to be the duty of plaintiff to discover or remedy the defect. It is not averred or shown that the danger arising from the alleged defect was open to ordinary observation, or was known to plaintiff." And demurrers to the seventeenth plea as follows: "Said plea fails to aver or show any facts which justify the conclusion of the pleader that plaintiff was guilty of negligence. It does not appear that defendant put upon plaintiff, or that plaintiff assumed, the duty of exercising care to discover any defective or dangerous condition of the trestle; but the pleader concludes such duty by reason of plaintiff's position on the trestle, and such conclusion does not follow from the premises of the pleader. It is not shown that plaintiff did or omitted

[West Pratt Coal Co. v. Andrews.]

to do anything which it was his duty not to do or omit."
The facts sufficiently appear in the opinion.

The court, at the request of the plaintiff, gave the following charges: (6) "There is no evidence in this case to show that the defendant put the duty of inspection of the trestle on the plaintiff, Richard D. Andrews." (8) "There is no evidence in this case that any one ever told plaintiff, Andrews, that a cap of the trestle was broken." The court refused to give the following charges, which were requested by the defendant: (4) "I charge you that you cannot give the plaintiff a verdict on account of any defect in the original construction of the trestle." (5) "It was the duty of the plaintiff to use reasonable care in examining the surroundings, and take such knowledge of dangers as could be attained by examination. In performing his duties he was bound to take notice of the ordinary operation of familiar laws and to govern himself accordingly, and if he failed to do so the risk was his own. He was bound to use his eyes, and see that which was apparent to any person using his eyes, and, if the defect was obvious and suggestive of danger, knowledge on the part of the plaintiff will be presumed." (6) "It was the duty of the plaintiff to exercise reasonable care to ascertain and know the dangers that existed in and about his work."

The trial resulted in judgment for the plaintiff, and his damages were assessed in the sum of $4,250.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The court erred in overruling defendant's demurrer to the 7th count.—Subd. 1, § 1749, Code 1896; *L. & N. R. R. Co. v. Jones*, 130 Ala. 470; *Whatley v. Zenida Coal Co.*, 123 Ala. 119: *Southern C. & F. Co. v. Jennings*, 137 Ala. 247. The count does not attempt to specify the defect.—*Walton v. Lindsey Lbr. Co.*, 39 South. 670. The court erred in excluding the answer of the witness Padlock.—*A. G. S. R. R. Co. v. Hill*, 93 Ala. 520. The court erred in not excluding the answer of the witness Blackmon that he had given out in his back.—*City Del. Co. v. Henry*, 139 Ala. 165. This was not only a conclusion but was mere hearsay.—3 Wig-

more Evi. § 1722; *Winter v. R. R. Co.*, 74 Ia. 450; *B. U. Ry .Co. v. Hale*, 90 Ala. 8; *Roche v. B. C. R. R. Co.*, 105 N. Y. 294. The court should have given the 5th charge refused to defendant.—*Schloss Co. v. Knowles*, 129 Ala. 410; Bailey's Master's Liability, pp. 162-3-4. Counsel discuss other assignments of error but cite no authority in support thereof.

BOWMAN, HARSH & BEDDOW, for appellee.—Count 7 was not subject to the demurrer interposed.—*Schloss Co. v. Hutchinson*, 40 South. 114; *Jackson Lbr. Co. v. Cunningham*, 37 South. 443; *L. & N. R. R. Co. v. Mothershed*, 12 South. 715; *Bear Greek Mill Co. v. Parker*, 134 Ala. 293; *L. & N. R. R. Co. v. Marbury Lbr. Co.*, 125 Ala. 237; *Mary Lee, etc., Ry. Co. v. Chambliss*, 97 Ala. 171. The court properly sustained demurrers · to defendant's 11th plea.—*Southern Ry. Co. v. Guyton*, 122 Ala. 231; *Gaulder v. K. C. M. & B. Ry. Co.*; 30 South. 889; 36 Minn. 6; 107 Mo. 66; 80 Tex. 85. On the same authorities, the demurrers were properly sustained to the 17th plea. The court properly · permitted the witness Blackburn to answer that plaintiff said he had given out in the back.—*Liverpool Co. v. Tillis*, 110 Ala. 201; *Railway Co. v. Knox*, 110 Ala. 632. Complaints of that character are always admissible.—*Bir. Ry. L. & P. Co. v. Enslen*, 39 South. 74; *K. C., M. & B. R. R. Co. v. Matthews*, 39 South. 207. The employe may assume that the appliances furnished are free from defect.— *Osborne v. Ala. S. & W. Co.*, 135 Ala. 576. The court properly overruled the motion for a new trial.—*McDonald v. Ala. Mid. Ry. Co.*, 123 Ala. 229; *Richter v. Coopman*, 131 Ala. 399.

DENSON, J.—The defendant (appellant) was engaged in operating a coal mine in Walker county. A part of its ways consisted of a trestle which led from the mouth of the mine to the tipple. Tram cars loaded with coal were run over the trestle from the mine to the tipple, where the coal was loaded from the trams to the railroad cars. The main trestle was about 1,400 feet long, but the part of it which was the side track was,

according to the estimates of different witnesses, from 90 to 200 feet long. The loaded cars were run from the mine to the tipple on the main trestle, and, when unloaded, would be shifted to the side track, and, after being chained together, would be returned to the mine for reloading. The plaintiff (appellee) was in the employment of the defendant as a "handler" of the tram cars, and when they were unloaded at the tipple it was his duty to shift them to the side track and chain them together, to be returned to the mine. On the 26th of April, 1905, the plaintiff was engaged in the performance of his duties as such employe, and while standing between two of the empty trams on the trestle it fell, precipitating him to the ground, some 40 feet below. He was injured by the fall, and brought this suit to recover damages for the injury. The cause was tried on the seventh count of the complaint, the sufficiency of which was tested by demurrer. The action of the trial court in overruling the demurrer is presented for review by one of the grounds in the assignment of errors.

This count is framed in respect to subdivision 1 of section 1749 of the Code of 1896, which provides for the liability of the master to the servant when the servant receives a personal injury in the service or business of the master, "caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master or employer." The count is in this language: "Plaintiff claims of defendant $10,000 as damages, for that heretofore, on, to-wit, the 26th day of April, 1905, defendant was engaged in the business of mining and loading coal on cars, and in connection with said business, used a trestle at or near Dora, in Walker county, Alabama; that on said day, while plaintiff was in the service or employment of defendant and engaged in or about said business of defendant on said trestle, said trestle or part thereof gave way or fell, and plaintiff was thrown or caused to fall a great distance, and suffered the injury or damages set out in the first count of this complaint in this cause. Plaintiff alleges that said trestle gave way or fell as aforesaid, and plaintiff suffered the

said injuries and damages, by reason and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the said business of defendant, which defect arose from, or had not been discovered or remedied owing to the negligence of, defendant, or of some person in the employ of defendant, and intrusted by defendant with the duty of seeing that said ways, works, machinery, or plant were in proper condition, viz., said trestle was defective." The point of the demurrer assigned to the count is that it fails to aver in what the defect consisted, and what part of the trestle, or of defendant's ways, works, machinery, or plant, was defective, with sufficient certainty. The case of *L. & N. R. R. Co. v. Jones,* 130 Ala. 456, 30 South. 586, is relied on by the appellant as supporting its contention that the demurrer was improperly overruled. A study of that case will demonstrate that it is easily distinguishable from the case at bar. There the defect averred was that "the appliances used by defendant in or about attempting to get said car upon said rail were not proper and sufficient for that purpose." The averment was insufficient; and no better reason for holding it insufficient can be given than that assigned by Sharpe, J., in the opinion in that case. Many appliances may have been used, and the pleader made no attempt to designate or particularize the appliance or appliances. Here the trestle is designated as the one in use by defendant at or near Dora, and the averment that the "trestle was defective" cannot by any contortion of language be referred to any other than that particular trestle.

The argument and contention of the appellant is that the evidence showed the trestle was 1,400 feet long, and 30 to 40 feet high, and that the general averment that a trestle of that magnitude was defective, without stating in what part the defect existed, is not definite enough. So far as the averments of the count go, the dimensions of the trestle are not revealed, and resort to the evidence cannot be had in determining the sufficiency of the pleading. Another case relied on by appellant is that of *Whatley v. Zenida Coal Co.,* 122 Ala.

118, 26 South. 124. In respect to that case counsel for appellant assert in their brief that the complaint to which demurrer was sustained was more definite than the one under consideration. In this counsel are mistaken. The only count passed on—the first—simply averred generally that the injury was caused "by reason of defects in the condition of the ways, works, machinery, or plant." So that case cannot be authority here. In the case of *A. G. S. R. R. Co. v. Davis,* 119 Ala. 572, 24 South. 802, counts (seventh and ninth) were held good which averred that the injury was caused by some defect in the track used by the defendant. This seems to be as indefinite, if not a more indefinite, averment, than the one under consideration. We think it not necessary that the count should specify the particular part of the trestle that was defective, nor that the place should be more definitely stated than it is in the count. Our conclusion, therefore, is that the court properly overruled the demurrer.—*Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445; *Sloss-Scheffield Steel & Wire Co. v. Hutchinson,* 144 Ala. 221, 40 South. 114; *A. G. S. R. R. Co. v. Davis,* 119 Ala. 572, 24 South. 862.

To charge on an employe the assumption of a risk, it is not enough that the condition of the ways, works, or machinery is open to ordinary observation. It is necessary that he should know, or by the exercise of common observation might have known, the risk attending the use of them. For this reason, besides others pointed out in the demurrer, plea 11 is bad, and the court properly sustained the demurrer to it.—Beach on Contributory Negligence (2d Ed.) p. 467, § 361; Id. p. 447, § 370; *Bridges v. Tenn. Coal, Iron & R. R. Co.,* 109 Ala. 287, 293, 19 South. 495; *Sou. Ry. Co. v. Guyton,* 122 Ala. 231, 25 South. 34; *Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445; *Wuotilla v. Duluth Lumber Co.,* 37 Minn. 153, 33 N. W. 551, 5 Am. St. Rep. 832; *Russell v. Minneapolis, etc., Ry. Co.,* 32 Minn. 230, 20 N. W. 147.; *Cook v. St. Paul, etc., Ry. Co.,* 34 Minn. 45, 24 N. W. 311; *Davis v. St. Louis, etc., Ry. Co.,* 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283; *Eddy v.*

*Aurora Iron Min. Co.,* 81 Mich. 548, 46 N. W. 17; *Colbert v. Rankin,* 72 Cal. 197, 13 Pac. 491; *Huhn v. Missouri Pac. Ry. Co.,* 92 Mo. 440, 4 S. W. 937; *Limberg v. Glenwood Lumber Co.,* 127 Cal. 598, 60 Pac. 176, 49 L. R. A. 33 and notes. See, also, authorities cited in appellee's brief on the second assignment.

It does not follow, from the fact that plaintiff was at work on the trestle, that it was his duty from his position to discover any defective or dangerous condition of the trestle. The defendant owed plaintiff the duty of using due care to provide a trestle reasonably safe for the running of cars, and plaintiff, in the absence of knowledge to the contrary, was authorized to assume, and rely on the assumption, that this duty had been performed. Plea 17 presents a non sequitur. The demurrer to the plea was well sustained.—*Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445.

The court properly excluded the answer of witness Tadlock to the question: "He (plaintiff) knew the way the trestle was shaky?"—*Bailey's Case,* 107 Ala. 151, 18 South. 234; *Cen. of Ga. Ry. v. Martin,* 138 Ala. 531, 36 South. 426; *Braham's Case,* 143 Ala. 28, 38 South. 919; *Liner's Case,* 124 Ala. 1, 27 South. 436.

The ruling of the court refusing to exclude the answer of witness Blackburn, that "plaintiff said he had given out in his back," may be sustained on the ground that the answer was responsive to the question, and no objection was made to the question. "The law will not permit a party to wait until the witness answers, and if favorable get the benefit of it, and if prejudicial move to exclude it."—*McCalman's Case,* 96 Ala. 98, 11 South. 408; *Billingsley's Case,* 96 Ala. 126, 11 South. 409; *Washington's Case,* 106 Ala. 58, 17 South. 546; *Wright's Case,* 108 Ala. 60, 18 South. 941; *Ellis' Case,* 105 Ala. 72, 17 South. 119; *Downey's Case,* 115 Ala. 108, 22 South. 479.

There is evidence in the record which tends to show the plaintiff is permanently injured. In estimating the amount of damages to be given for permanent injury, one of the elements to be considered seems to be the former occupation of the plaintiff and the amount of

money he received from it. Of course, the former occupation must be confined to a reasonable length of time prior to the infliction of the injury. The court properly overruled the particular objections made to the question propounded to the plaintiff, viz.: "Shortly before you were hurt, say three or four months, what was the most wages that you got?"—*Seaboard Mfg. Co. v. Woodson,* 98 Ala. 378, 383, 11 South. 733; *Southern Ry. Co. v. Howell,* 135 Ala. 639, 647, 34 South. 6.

Dr. Phillips was examined in chief by the defendant as a medical expert. From the manner in which his testimony appears in the record, we cannot say that he did not testify on his examination in chief with respect to the kidney not being detached. If he did, then, of course, the trial court properly allowed the plaintiff on cross-examination to inquire of him as to the symptoms of a kidney detached from its moorings. We do not decide that it was not a proper subject for cross-examination, even if he had not testified on the examination in chief about the kidney. Being an expert, it was within the discretion of the court to widen the range of cross-examination, even to the inclusion of matter not pertinent to the issues to test the witness's means of knowledge, memory, accuracy, or credibility.—*Stoudenmeir v. Williamson* 29 Ala. 558; *Braham's Case,* 143 Ala. 28, 38 South. 919.

The tenth assignment of error contains an erroneous statement, when compared with the record, in this: The record fails to show that any objection was made to the question propounded to Dr. Phillips: "Would a man lose flesh and feel bad with a thing of that sort?"

The eleventh, twelfth, and thirteenth grounds in the assignment of errors are not insisted on, and we pass them without consideration.

We cannot say the evidence was entirely without conflict as to the proper construction of the trestle originally. It is true defendant's witnesses McFarland and Baird swore it was; but the record shows that McFarland swore that the cap on the bent only projected three feet over the "batter post," and it shows Baird swore that the track was placed so that the outside rail was

immediately over the "batter post." It also shows that McFarland swore that, if this projection was five or six feet and the track was partly beyond the "batter post," it would be dangerous and likely to fall. For this reason charge 4 was properly refused. Furthermore, it may be that the charge is susceptible of the construction that, notwithstanding the jury might find there was such a defect as is hypothesized in the charge, the jury should not make it the basis of a verdict for the plaintiff.

The first postulate in charge 5, refused to the defendant, renders the charge a bad one. It put on the plaintiff the unqualified duty of examining the trestle for defects or "dangers." The plaintiff, if he had no knowledge of the defect—and his evidence tends to show he had none—was authorized to assume there were no defects in the trestle.—*L. & N. R. R. Co. v. Hawkins,* 92 Ala. 241, 9 South. 271; *Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 571, 33 South. 687; section 1749 of the Code of 1896. Upon the same consideration charge 6 was properly refused to the defendant.

The court, at the request of the plaintiff in writing, gave six charges, all of which are assigned as error; but the insistance of appellant relates only to charges 6 and 8. It is insisted, or rather suggested, by appellant, that each of these charges invades the province of the jury. There is no evidence which tends to show that defendant put the duty of inspecting the trestle on the plaintiff, or that any one ever told plaintiff that a cap of the trestle was broken; and while the charges do not assert any proposition of law and might have been refused, yet the giving of them does not constitute reversible error.— *Peck v. Ryan,* 110 Ala. 336, 17 South. 733. It is true that, to support the verdict, the jury must have found that there was a defect in the trestle. It is further true that under the pleadings, if the plaintiff knew of the defect, the defendant was absolved from liability. The witnesses for the plaintiff testified to the defect, and their evidence tended to show circumstances from which the jury might have inferred that the condition of the trestle was discoverable by ordinary observation;

[Central of Georgia Ry. Co. v. Jones.]

but the plaintiff testified that he did not know of the defect, and we do not think we would be authorized to say that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Especially so when the defendant's witnesses who testified in respect to the condition of the trestle testified that they saw nothing dangerous about it.

The only ground for the new trial insisted upon is that the verdict of the jury is contrary to the evidence. The court did not err in overruling the motion.—*Ala. Mid. Ry. Co. v. Brown*, 129 Ala. 282, 29 South. 548; *Jones v. Tucker*, 132 Ala. 305, 31 South. 21; *Cobb v. Malone*, 92 Ala. 630, 9 South. 738.

We have found no reversible error, and the judgment is affirmed.

Affirmed.

Tyson, C. J., and Haralson and Simpson, JJ., concur.