# Stamps *v.* Thomas.

## *Trover and Conversion.*

(Decided April 17, 1913.  62 South. 314.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the action was trover, and issue is joined under plea of not guilty, any error in striking certain special pleas and sustaining demurrers to others, was harmless, for in trover, the general issue puts in issue every matter which might be pleaded in bar, except a release.

2. *Same; Evidence.*—Although the question called for a conclusion as to a demand, the answer was followed by a statement of facts which showed a demand, curing any error in admitting the question and the answer stating a conclusion.

3. *Same; Exceptions; Necessity.*—Where the record is silent as to an exception to a ruling of the court on the admission of evidence, error as to that ruling is not presented for review.

4. *Trial; Reception of Evidence; Objection.*—Where the action was for the conversion of an undivided half interest in tools, and evidence had been introduced showing that a renting of the tools was in fact of the entire interest, and the defendant had stated that the renting covered only a one-half interest therein, it was not error to permit the defendant to be asked as to the amount of rent he was to get, where only a general objection was made.

5. *Same; Motion to Direct Verdict; Question Presented.*—Where the action was by the owner of an undivided interest in chattels against the co-owner, in conversion, the right to maintain the action against the co-owner is not raised by a motion to direct a verdict for the co-owner where there is some evidence of a conversion by him before he acquired any right to the property.

6. *Witnesses; Examination; Scope.*—Where a witness had stated on cross-examination that defendant had offered to divide the chattels before the suit was brought, it was proper to ask in rebuttal if defendant had offered to turn over the chattels, as explanatory of his statement made on cross.

7. *Evidence; Value.*—A statement made by defendant as to the value of a set of tools is admissible as an admission in an action

[Stamps v. Thomas.]

against him for the conversion of a half interest in them, as the value of the whole is evidence as to the value of the interest.

8. *Tenancy in Common; Trover; Demand.*—Where one joint owner of chattels takes possession of them without the consent of the co-owner and assumes exclusive dominion over them, a demand for the property is not a prerequisite to an action for their conversion.

9. *Same; Ownership; Right of Action.*—The owner of an undivided half interest in the chattels may bring trover for the conversion of his interests therein.

10. *Trover and Conversion; Value; Necessity.*—The fact that there was no proof of the value of the converted property, would not authorize the court to direct a verdict for defendant in an action of trover, as the plaintiff is entitled to nominal damages without proof of value.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Trover by W. A. Thomas against E. M. Stamps for the conversion of a half interest in a lot of blacksmith tools. Judgment for plaintiff and defendant appeals. Affirmed.

JEROME T. FULLER, and W. H. WRIGHT, for appellant. The court erred in sustaining demurrers to the special pleas.—*Cotton v. Ward*, 45 Ala. 359; Sec. 5331, Code 1907. The general issue puts the burden on the plaintiff to prove everything necessary to make out his case, but does not put in issue a fact the burden of proving which is on defendant.—*Scarbrough v. Blackmon*, 108 Ala. 656. As to the erroneous action on the plea see also *Perminter v. Kelly*, 18 Ala. 716. Questions and answers calling for and stating a conclusion are never admissible.—*Brewer v. Watson*, 71 Ala. 299. The possession of one is the possession of both, and the court was in error in permitting it to be shown that defendant offered to deliver the tools to the plaintiff.— *Williams v. Nolan*, 34 Ala. 167; *Perminter v. Kelly, supra.* The statement by defendant as to the value of the tools was improperly admitted as the reasonable

market value could not be established that way.—*L. &
N. v. Perkins,* 165 Ala. 471; *Ross v. Poole,* 57 Ala. 60;
*Bank v. Borland,* 5 Ala. 531; Greenl. sec. 98; Sedgwick
586; *Bailey v. The State,* 107 Ala. 151; *Walker v. The
State,* 8 South. 144. The court was in eror in permit-
ting it to be shown how much rent was to be received.
—*Sanders v. Knox,* 57 Ala. 83; *Bufford v. Little,* 48
South. 697. The court should have directed a verdict
for defendant for failure of a demand.—*L. & N. v. Huff-
man,* 141 Ala. 671; *Williams v. Nolan, supra.* The de-
fendant was entitled to a direction of a verdict because
of the failure to prove the time as alleged.—*Simpson
v. Talbot,* 25 Ala. 469; *Williams v. McKissack,* 125 Ala.
544; *M. J. & K. C. v. Bay Shore L. Co.,* 48 South. 377;
*Plott v. Robinson,* 39 South. 791; *C. R. & B. Co. v.
Lampley,* 76 Ala. 357. One joint tenant cannot main-
tain trover against his co-tenant.—*Allen v. Harper,* 26
Ala. 686; *Autrey v. Frieze,* 59 Ala. 587; *Garrett v.
Sewell,* 95 Ala. 458; *Moore v. Walker,* 124 Ala. 201, and
authorities supra.

LAVENDER & THOMPSON, and H. P. WHITE, for appel-
lee. An appeal is taken when the bond is filed.—*Martin
Mach. Wks. v. Miller,* 32 South. 305. This case should
be dismissed for a failure to file transcript within the
time required.—*Porter v. Martin,* 139 Ala. 318; *So. Ry.
v. Abraham Bros.,* 161 Ala. 317. In trover a joinder
of issue on the plea of not guilty puts every matter in
issue that might be pleaded except a release, and there
was no error in sustaining demurrer to the plea or in
striking certain other pleas.—*Barrett v. City of Mobile,*
129 Ala. 179; *Ryan v. Young,* 147 Ala. 660. Having
stated the facts explanatory of his answer that he made
a demand for the tools, error was cured as the facts
supported the conclusions stated.—*Compton v. Smith,*

[Stamps v. Thomas.]

120 Ala. 233; *Holman v. Clark,* 148 Ala. 286; *Gould v. Cates Chair Co.,* 147 Ala. 629; *Forbes v. Davidson,* 147 Ala. 702. The admission as to the value of the tools made by defendant was admissible against him, since testimony as to the value of the whole was testimony as to the value of a part.—*Massey v. Fain,* 55 South. 936; *Zimmern Mfg. Co. v. Dunn,* 151 Ala. 436; 177 U. S. 240. The amount of the rent to be paid was admissible.—*So. Ry. v. Hobbs,* 151 Ala. 335; *Smiley v. Hooper,* 147 Ala. 646; *Clay v. Sullivan,* 156 Ala. 392. The objection was general.—*Bufford v. Little,* 48 South. 698. The failure of defendant to produce the evidence of his paper title after demand raised a strong presumption of the invalidity of his claim.—*Kyle v. Slaughter,* 158 Ala. 109. No demand was necessary.—*Jesse French v. Johnson,* 142 Ala. 419. Time was laid under a videlicit, and was proven with sufficient nearness.—*Manchester F. I. Co. v. Fiebleman,* 118 Ala. 329; Greenl. sec. 60. One joint owner may maintain trover against his co-owner for the conversion of his interest in the chattels.—*Marlowe v. Rogers,* 14 South. 790; *Russell v. Russell,* 62 Ala. 48; *Allen v. Harper,* 26 Ala. 686; *Brown v. Floyd,* 50 South. 995; *Moore v. Walker,* 26 South. 984; 11 Enc. P. & P. 766. Plaintiff was entitled to nominal damages at least, although he proved no value.—*Massey v. Fain, supra; Torrey v. Burney,* 113 Ala. 496; 168 U. S. 711.

WALKER, P. J.—The appellant cannot complain of the action of the court in striking his second plea and in sustaining demurrers to his third plea, as under the plea of the general issue, upon which issue was joined, he had the benefit of the matters of defense set up in those pleas. "In trover, not guilty puts in issue every matter which might be pleaded in bar, except a release."—*Ryan, et al. v. Young,* 147 Ala. 660, 41 South. 954;

40 CA

*Barrett v. City of Mobile,* 129 Ala. 179; 39 South. 36, 87 Am. St. Rep. 54.

If the question asked the plaintiff as to his making a demand on the defendant for the property alleged to have been converted could be regarded as subject to objection on the ground that it called, not for a statement of fact, but for a mere opinion or conclusion of the witness (*Barron v. Mobile & Ohio R. Co.,* 2 Ala. App. 555, 56 South. 862; *Shafer v. Hausman,* 139 Ala. 237, 35 South. 691; *Rosenfield v. Case,* 87 Mich. 295, 49 N .W. 630), still it is made plain by the record that the defendant suffered no injury as the result of the overruling of his objection to the question, as the witness' answer to it was followed by his detailed statement of what he did in that connection, such statement showing the performance of acts unquestionably constituting the making of demands upon the defendant to permit the plaintiff to share in the possession of the property.

On the cross-examination of the plaintiff the fact was elicited that, before the suit was brought, the defendant wanted or proposed to divide the lot of tools the conversion of an undivided half interest in which the plaintiff alleged. It was not improper to permit the plaintiff to be asked on his examination in rebuttal if the defendant had offered to give him the tools. The question called for evidence explanatory of the above-mentioned occurrence brought out on the cross-examination, the answer to it going to show that the defendant's expressed desire for a division of the tools had not resulted in his offering any of them to the plaintiff, and was not inconsistent with an exclusion of the plaintiff from the possession until a division on terms suggested by the defendant might be agreed on. The question was permissible in the examination in rebuttal.

[Stamps v. Thomas.]

A statement as to the value of the property alleged to have been converted, made by the defendant when testifying in a former trial of the case, was provable against him as an admission of a fact pertinent to an issue to be passed on.—*Massey v. Fain,* 1 Ala. App. 424, 55 South. 936. It is argued that evidence of the statement then made by the defendant should have been excluded because that statement was as to the value of the lot of tools as the subject of a sole ownership, while the only inquiry as to value which is pertinent in this case is as to the value of the undivided half interest in that lot of tools which was alleged by the plaintiff to have been converted. This argument assumes that proof of the value of a thing can shed no light in an inquiry as to what a half interest in it is worth. The assumption is unwarranted. It is not doubted that the ascertained value of a thing is one of the data properly to be considered in reaching a conclusion as to the value of a half interest in it.—*Zimmerman v. Dunn,* 151 Ala. 435, 44 South. 533; *The Albert Dumois,* 177 U. S. 255, 20 Sup. Ct. 595, 44 L. Ed. 751; 38 Cyc. 2083.

The action of the court in sustaining an objection to a question asked the witness Jones on his cross-examination in reference to the money paid to him by Findlay is not presented for review, as the record does not show that any exception to that ruling was reserved.

It cannot be said that the evidence called for by the question asked the defendant on his cross-examination in reference to the amount of rent he was to get was so palpably illegal and irrelevant as to render the trial court chargeable with error for overruling the general objection made to the question. "A general objection, 'because the same was illegal, irrelevant, and incompetent,' cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable

of being rendered admissible in connection with other evidence."—*Bufford v. Little,* 159 Ala. 300, 48 South. 697; *Sanders v. Knox,* 57 Ala. 83. The question objected to immediately followed a statement by the witness as to his renting the shop and his half interest in the tools to one Myles. Evidence had already been introduced tending to prove that prior to the renting spoken of by the witness he had excluded the plaintiff from any participation in the possession and use of the tools and had been using them himself in the blacksmith business he was carrying on. If it had been a fact, as it might have been, that the defendant rented the shop and the tools separately, a responsive answer to the question would have disclosed the amount to be paid him as rent for the latter. If that had been such a sum as, in the light of evidence already adduced as to the rental value of a half interest in the tools, would indicate that the defendant was to get compensation for an exclusive use of them, not merely the rental value of a half interest in them, the answer to the question might have had a tendency to weaken the effect of the witness's claim that he was not exercising dominion over the property in question as the sole owner of it. In view of the connection in which the question was asked, in the absence of any specific objection to it, it might well have been regarded by the court as within the limits of a party's right to test by cross-examination the accuracy and fairness of a statement made by his adversary. It is not deemed worth while to say more of the other rulings on objections to evidence which are briefly complained of by the counsel for the appellant than that no prejudicial error is found in either of them.

The following statement will indicate the views of the court in reference to the grounds upon which it is claimed in the argument of the counsel for the appel-

lant that the court erred in refusing to give the general
affirmative charge asked in his behalf: (1) As to the
alleged failure of the evidence to show that the plaintiff
had made a demand on the defendant before the suit
was brought, it is to be said in the first place that the
aspect of the evidence tending to prove that the defend-
ant took possession of the property without the plain-
tiff's consent and assumed exclusive dominion over it,
denying the right of the plaintiff to participate in the
possession of it, supported the averment of a conversion
made in the complaint, though there was an absence of
evidence of a demand having been made by the plaintiff
—a demand before bringing suit not being required in
the case of a conversion committed in that manner
(*Jesse French Piano & Organ Co. v. Johnson, et al.,*
142 Ala. 419, 37 South. 924; *Boutwell, et al. v. Parker &
Co.,* 124 Ala. 341, 27 South. 309); and, in the second
place, that there was evidence tending to prove that
several times before the suit was brought the plaintiff
had demanded of the defendant to be let into posses-
sion. (2) In view of the evidence tending to prove that
the defendant was exercising an exclusive dominion as
above stated at the time of the conversion laid under a
videlicit in the complaint, the claim cannot be sustained
that in the matter of the time of the conversion there
was a fatal variance between the allegations and the
proof. (3) The plaintiff's right to maintain the action
is not defeated by the fact that he claims to own only
a half interest in the property in question. A part own-
er of a chattel may maintain trover for the conversion
of his interest.—*C. W. Zimmerman Mfg. Co. v. Dunn,*
151 Ala. 435, 44 South. 533. The question of the plain-
tiff's right under the pleading and evidence in the case
to maintain the action against a co-owner of the prop-
erty was not raised by the defendant's request of the

general affirmative charge in his favor, as there was evidence tending to prove that as against the plaintiff he had already committed a conversion before he acquired the right as the owner of an interest in the property to share in the possession of it. Besides, it seems that the action may be maintained by one co-owner against another if the latter has excluded the former from participation in the possession and assumed an exclusive dominion over the property in direct denial of or inconsistently with his rights.—*Marlowe v. Rogers,* 102 Ala. 510, 14 South. 790; 11 Ency. of Pl. & Pr. 766. (4) The absence of evidence of the value of his interest would not have affected plaintiff's right to maintain the action on proving a conversion as alleged, but only his right to recover substantial damages. If the alleged conversion is proved, the plaintiff is entitled to recover nominal damages, and the general affirmative charge against him cannot properly be given, though he fails to offer any evidence of the value of the thing converted. —*Massey v. Fain,* 1 Ala. App. 424, 55 South. 936. But, as already has been indicated, evidence of the value of the thing alleged to have been converted was not lacking in this case.

On the issues of fact in the case the evidence was in conflict. Whether or not the plaintiff had made out his case was a question for the jury. It has not been made to appear that the court was in error in refusing to set aside the verdict and grant a new trial.

Affirmed.