# J. T. Camp Transfer & Warehouse Co. v. Bonham.

## *Conversion.*

(Decided February 5, 1914. 64 South. 649.)

1. *Warehousemen; Conversion; Pleading.*—An actionable conversion was sufficiently shown by an allegation that goods belonging to a plaintiff and stored with or kept by defendant for hire were by defendant wrongfully sold or otherwise disposed of.

[J. T. Camp Transfer & Warehouse Co. v. Bonham.]

2. *Trover and Conversion; Issues; Not Guilty.*—A plea of not guilty puts in issue every matter which might be pleaded in bar except a release, in an action of trover or conversion.

3. *Appeal and Error; Harmless Error; Pleading.*—It is harmless error to overrule demurrers to a plea setting up matter which could be proved under the general issue, which was pleaded.

Appeal from Jefferson Circuit Court.

Heard before Hon. C. B. Smith.

Action by Ida Bonham against the J. T. Camp Transfer & Warehouse Company for damages for conversion. From a judgment for plaintiff, defendant appeals. Affirmed.

The third count is as follows: "Plaintiff claims of defendant $1,000 as damages, for that heretofore, to wit, on or about the 10th day of February, 1911, defendant was engaged in the business of keeping or storing goods, wares, or merchandise for hire in the city of Birmingham, and on or about said day undertook to store and keep for plaintiff the following described articles: [Here follows descriptive list of household furniture and goods.] Plaintiff avers that on or about January 11, 1912, defendant wrongfully sold or otherwise wrongfully disposed of the aforementioned goods, wares, merchandise without any kind or character of notice to plaintiff, and she avers that, at the time of such sale or disposal, said goods belonged to her."

The pleas allege, in effect, that the goods were stored for hire, and that plaintiff had refused or failed to pay or tender the sum due and owing as storage on and for the protection and care of said goods, and that the goods were sold to cover the amount of the storage due thereon.

W. T. Hill, for appellant. The court erred in overruling demurrers to counts 3 and 4, and in sustaining demurrers to defendant's pleas 5, 7 and 8.—24 Am. Dec. 145.

[J. T. Camp Transfer & Warehouse Co. v. Bonham.]

ARTHUR L. BROWN, for appellee.   No brief reached the Reporter.

WALKER, P. J.—It is contended in the brief of the counsel for the appellant that count 3 of the complaint was subject to demurrer on the grounds suggesting its failure to show a conversion of the plaintiff's property by the defendant. The allegations of that count to the effect that specified goods belonging to the plaintiff and stored with or kept by the defendant for hire were by the latter wrongfully sold or otherwise disposed of sufficiently show that the defendant committed an action-, able conversion by depriving the plaintiff of her personal property by an unauthorized disposition of it.— *May v. O'Neal,* 125 Ala. 620, 28 South. 12; *Baker v. Hutchinson,* 147 Ala. 636, 41 South. 809; *Barwick v. Rackley,* 46 Ala. 402; 38 Cyc. 2026. Count 4 is, if possible, even less subject to the criticism of it which is made in argument.

The appellant could not have been prejudiced by the overruling of the demurrers to special pleas, 5, 7, and 8, as any proper matter of defense set up in those pleas could have been proved under the plea of the general issue. "In trover, not guilty puts in issue every matter which might be pleaded in bar, except a release."— *Stamps v. Thomas,* 7 Ala. App. 622, 62 South. 314; *Ryan v. Young,* 147 Ala. 660, 41 South. 954; *Barrett v. City of Mobile,* 129 Ala 179, 30 South 36, 87 Am. St. Rep. 54.

Affirmed.