(78 South. 901)

## ADAMS HARDWARE CO. v. WIMBISH.
### (5 Div. 695.)

(Supreme Court of Alabama.    April 25, 1918.)

1. APPEAL AND ERROR ⊙⟹231(3)—EVIDENCE—SPECIFIC OBJECTION.

Under circuit court rule 33 (2 Code 1907, p. 1527), requiring specific grounds of objection to testimony, court would not review the admission of evidence not manifestly illegal and irrelevant, and incapable of being rendered admissible in connection with other evidence.

2. APPEAL AND ERROR ⊙⟹230—ADMISSION OF EVIDENCE—TIMELY OBJECTION.

In a suit on a note, given for the purchase price of a light plant, where no objection was made to a question when propounded, no reversible error was committed in refusing to ·exclude a responsive answer.

3. APPEAL AND ERROR ⊙⟹230—ADMISSION OF EVIDENCE—TIMELY OBJECTION.

The Supreme Court will not permit a party to experiment as to what a witness would answer to a question, by accepting it if favorable, and by moving to exclude it if unfavorable, by successfully excepting to the ruling of the trial court admitting the answer.

4. APPEAL AND ERROR ⊙⟹1078(1) — WAIVER OF ERROR.

An assignment of error, not insisted upon by appellant in his brief, need not be considered.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Suit by the Adams Hardware Company against H. A. Wimbish. Verdict and judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

See, also, post, p. 548, 78 South. 902.

Strother & Hines, of Lafayette, for appellant. N. D. Denson & Sons, of Opelika, for appellee.

THOMAS, J.   This suit was based on a promissory note made by the defendant for the purchase price of a light plant. Defendant interposed special pleas of breach of warranty, to which plaintiff replied that:

"The contract with the defendant is in writing. and the warranty in said written contract is the only warranty as to said lighting plant that was made by the plaintiffs, or by any person authorized to bind the plaintiffs."

There was verdict and judgment for the defendant.

[1] The plaintiff introduced in evidence the defendant's note, and rested. This note did not contain the written warranty the subject of plaintiff's replication. Defendant Wimbish, as a witness in his own behalf, was asked, "I will ask you, Mr. Wimbish, what the agent said to you at the time about the

plant being installed in a workmanlike manner?" to which question objection was made, on the ground that the contract was in writing. No exception to the adverse ruling of the court was taken. The witness was then asked, over the plaintiff's objection: "After it was put up, I will ask you how it operated?" No grounds for this objection were assigned; being a mere general objection, it presented nothing for review. The evidence was not manifestly illegal and irrelevant, and incapable of being rendered admissible in connection with other evidence. Rule 33, Code of 1907, vol. 2, p. 1527; Sanders v. Knox, 57 Ala. 80, 83; Bates v. Morris, 101 Ala. 282, 13 South. 138; Bufford v. Little, 159 Ala. 300, 48 South. 697; Knight v. State, 160 Ala. 58, 49 South. 764; Rutledge v. Rowland, 161 Ala. 114, 49 South. 461; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 South. 89; Wallis v. Rhea, 10 Ala. 451 (and citations to first headnote); Ingles v. State, 13 Ala. App. 184, 68 South. 583; Salmon v. Salmon, 13 Ala. App. 510, 69 South. 304; Stamps v. Thomas, 7 Ala. App. 622, 62 South. 314.

[2, 3] In regard to permitting the defendant to ask, "What was said by Mr. Horne?" (plaintiff's agent), and the witness to reply, "Mr. Horne said it was a bum job of piping," the record discloses that no objection was made to the question when propounded; and therefore no reversible error was committed in the refusal to exclude the same, the answer being responsive. Not having objected to the question when propounded, the plaintiff was put in the attitude of experimenting as to what the witness would answer; if witness' answer was favorable, he would accept it; if unfavorable, he would move to exclude. This court will not permit a party to experiment, and, finding the result against him, thereupon successfully except to the ruling of the trial court. St. L. & S. F. R. R. Co. v. Sutton, 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366; Stowers Furniture Co. v. Brake, supra; B. R., L. & P. Co. v. Chastain, 158 Ala. 421, 48 South. 85; West Pratt Co. v. Andrews, 150 Ala. 368, 43 South. 348; Southern Railway Co. v. Leard, 146 Ala. 349, 39 South. 449; Tutwiler, etc., Co. v. Nichols, 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; McCalman v. State, 96 Ala. 98, 11 South. 408; Billingsley v. State, 96 Ala. 126, 11 South. 409.

[4] The sixth assignment of error is not insisted upon by appellant in brief, and for this reason need not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes