(85 South. 17)

ONE PAIGE AUTOMOBILE v. STATE.

Appeal of WASHINGTON.

(6 Div. 976.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. APPEAL AND ERROR ☑&#61627;230—OBJECTION TO QUESTION TO WITNESS UNTIL AFTER ANSWER PRESENTS NOTHING.

The Supreme Court will not permit a party to experiment as to what a witness will answer to a question, by accepting the answer if favorable, and by moving to exclude it if unfavorable, by successfully excepting to the ruling of the trial court admitting the answer.

2. APPEAL AND ERROR ☑&#61627;230—DELAYED EXCEPTION TO QUESTION TO WITNESS UNTIL AFTER ANSWER PRESENTS NOTHING.

Where question on cross-examination of claimant of an automobile sought to be condemned for use in transporting intoxicants was objected to, the objection overruled, and no exception reserved, and solicitor for state repeated question, and claimant's attorney told him to answer, and after answer the attorney took an exception, such delayed exception was experimenting as to the answer, and presents nothing for review.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. R. Tate as solicitor, on the relation of the State of Alabama, to condemn one Paige automobile, with intervention by Marion Washington, who claimed the car. From a decree denying the claim, and condemning the car, claimant appeals. Affirmed.

Burgin & Jenkins, of Birmingham, for appellant. The court erred in permitting the claimant to be asked, "Have you ever been convicted before?" Section 4008, Code 1907; 3 Ala. App. 646, 57 South. 108; 155 Ala. 135, 46 South. 489.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. As reserved, the objection to evidence presents nothing for review. 192 Ala. 379, 68 South. 283.

THOMAS, J. This was the trial of an intervention in a proceeding by the state for condemnation of one Paige touring car.

[1] This court will not permit a party to experiment as to what a witness would answer to a question, by accepting it if favorable, and by moving to exclude it if unfavorable, by successfully excepting to the ruling of the trial court admitting the answer. Adams Hdw. Co. v. Wimbish, 201 Ala. 547, 78 South. 901.

[2] The question on cross-examination of claimant, Washington, "Have you ever been convicted before?" was objected to as being immaterial, irrelevant, incompetent, and il-

legal, and, on being overruled, no exception was then reserved. The solicitor for the state thereafter asked, "Have you?" Claimant's attorney said to witness, "Go ahead; answer it." The witness answered, "Yes, sir," and claimant's counsel said, "We except." This delayed exception was in effect experimenting as to the witness' answer, and, when unfavorable, seeking an exception. This is held to present nothing for review. Atl. & St. A. B. Ry. Co. v. Fowler, 192 Ala. 373, 379 (7), 68 South. 283; Chamberlain v. Masterson, 29 Ala. 299; Gager v. Doe ex dem. Gordon, 29 Ala. 341; Tuskaloosa Wharf Co. v. Mayor and Aldermen, 38 Ala. 514, 516; B. R. L. & P. Co. v. Demmins, 3 Ala. App. 359, 372, 57 South. 404; Wigmore on Ev. vol. 1, pp. 64, 65, § 20; Jones on Ev. vol. 5, pp. 378–380, § 894.

Inasmuch as no other question is reserved on this appeal, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.